This is an appeal from a judgment which "DENIED AND DISMISSED on motion of the State of Alabama as being without merit" appellant's "Petition for Writ of Habeas Corpus."
The petition was a pro se petition that alleged petitioner's incarceration at Fountain Correctional Center, Escambia County, and that he had been found guilty by prison officials at a disciplinary hearing of "Violation of Rule 10," for the offense of gambling, and that, as a result of a finding of the officials composing the board that conducted the hearing, petitioner "lost two months good time" credit, which, in effect, sentenced him to two months imprisonment for playing cards. He alleged that the only evidence against him was to the effect that he was observed "playing cards." He contends in his petition that if he was gambling, he would "have had to been gambling with himself" and that the proceeding and the hearing were a "denial of the due process *Page 318 
and equal protections of the laws in violation of his constitutional rights."
We find no appearance on behalf of the individual respondent. There was an appearance of the "State of Alabama" by its district attorney in the form of a Motion to Dismiss. Among the grounds of the Motion to Dismiss is the allegation that the petition "is not verified by oath," et cetera.
On May 20, 1982, the judgment appealed from was entered. On May 25, 1982, petitioner filed his "OPPOSITION TO RESPONDENTS' MOTION TO DISMISS," in which he cited Williams v. Davis, Ala.,386 So.2d 415-16, and continued to assert that he had been deprived of due process of law and equal protection of the law.
Appellant files a pro se brief and argument in which he urges that the judgment appealed from "be reversed and set aside and the same remanded for an evidentiary hearing upon the merits of the petition." Immediately after the concluding paragraph of the petition for habeas corpus is the purported signature of the petitioner. Thereinafter is petitioner's motion "for leave to proceed in forma pauperis" and for the appointment of counsel to represent him; then follows what is captioned as "Pauper's oath" and petitioner's certificate of service. Each of the two commences, "I, Thomas C. O'Such, hereby declare under penalty of perjury by my signature below. . . ." In no part of the petition or defendant's accompanying papers is there any semblance of a jurat; the signature of no one other than that of the petitioner appears thereon.
One of respondent's grounds for his motion to dismiss states that the petition "fails to conform to § 15-21-4 of the Code of Alabama," which provides in pertinent part that a petition for habeas corpus "must be verified by the oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief." We must conclude, as the trial court did, that a dismissal of the petition was proper.
We do not now decide whether it would have been permissible and better for the trial court to have given petitioner an opportunity to verify the petition than for it to have dismissed the petition without giving him that opportunity. It is to be noted that in petitioner's "OPPOSITION TO RESPONDENTS' MOTION TO DISMISS" he attaches what he captions an "AFFIDAVIT" and a "CERTIFICATE OF SERVICE." There is no jurat in either, but petitioner continues to declare in each that what he subscribes is "under penalty of perjury." We also pretermit as unnecessary and premature the question of the validity vel non of the trial court's qualification of the judgment appealed from to the effect that the petition was "without merit." We fully realize the necessity of adherence to Williams v. Davis,supra, relied upon by appellant, and of its possible applicability to the circumstances in the instant case, which could be expected to be set forth more clearly in any future petition than in the petition presently considered.
We are not unmindful of the apparent good faith of the petitioner in thinking that he had verified his petition by his oath, in view of the common use today of the expression "under penalty of perjury" in various formal declarations. The modern practice was fortified in 1976 by the enactment of Congress as now found in 28 U.S.C. § 1746, which provides:
 Whenever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: *Page 319 
 (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
(Signature)"
 (2) If executed within the United States, its territories, possessions or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."
In 1980, the troublesome question of whether an application for habeas corpus in the courts of the United States that bore no jurat but which petitioner or applicant had subscribed "under penalty of perjury" was sufficient to require action on the merits of the petition, was considered by the United States Court of Appeals for the Fifth Circuit in two separate and distinct cases: Carter v. Clark, 616 F.2d 228 (1980) andDickinson v. Wainwright, 626 F.2d 1184 (1980). In Carter v.Clark, a local rule of court provided that all pleadings by prison inmates that required verification should be notarized. The court held that the local rule was invalid by reason of its contravention of 28 U.S.C. § 1746. In Dickinson v. Wainwright,supra, it was held that a habeas corpus petition signed by the petitioner under his declaration "that under penalty of perjury . . . the foregoing is believed correct" would constitute perjury if it was not true and for that reason was sufficient as a verified statement. In contrast with the federal court cases on the point is that of the Supreme Court of Nevada, also in 1980, September 18, in Sheriff, Clark County v. Scalio,96 Nev. 776, 616 P.2d 402, in a two-paragraph opinion as follows:
 "Indicted for a felony, respondent filed a pretrial petition for a writ of habeas corpus. The petition was considered and granted by the district court, and the state has appealed.
 "We need not consider the merits, if any, of the appeal. Respondent's habeas petition was not verified by oath or affirmation as clearly required by NRS 34 370 (3). Therefore, the petition was not cognizable in the district court. Sheriff v. Arvey, 93 Nev. 72, 560 P.2d 153 (1977). Accordingly, we sua sponte
reverse and instruct the district court to dismiss the habeas petition."
In Ex parte Rockholt, 271 Ala. 68, 69, 122 So.2d 162, it is stated:
 "The practice to be pursued in obtaining the writ [of habeas corpus] from this court was very deliberately and carefully prescribed in Ex parte Croom, 19 Ala. 561. The party aggrieved by the decision of the inferior jurisdiction in the matter of his discharge must on oath present a petition or application to this court disclosing a state of case which will show that the inferior jurisdiction has erred to his prejudice and that upon the case made before that jurisdiction he is entitled to the relief he seeks. (Emphasis supplied). Ex parte Croom, supra; Ex parte Winnagle, supra, [269 Ala. 668, 115 So.2d 261]."
There is no collision between the federal law and the state law on the subject. The federal law controls, of course, as to procedure in federal courts, and the state law controls as to procedure in state courts. Otherwise, turmoil results. We do not endeavor to assay what the trial court would have concluded if it had heard the petition on its merits, if any. Its judgment in dismissing the petition was correct, in our opinion, and should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur. *Page 320