BOWEN, Presiding Judge.
Pennington was convicted of theft in the first degree and sentenced, under the Habitual Felony Offenders Act, to life imprisonment. This Court affirmed the conviction in Pennington v. State, 421 So.2d 1361 (Ala.Cr.App.1982).
On January 9, 1984, Pennington petitioned the Elmore Circuit Court for a writ of habeas corpus on the following grounds: denial of effective assistance of counsel; defective indictment; failure to qualify the jury properly; prejudicial pretrial publicity; admission of prejudicial photographs; unconstitutional search and seizure of evidence; insufficiency of evidence. The petition was not verified on oath as required by § 15-21-4, Code of Alabama 1975. Instead, the petition concluded with the following:
“ /s/ Coleman Pennington
Respectfully submitted
“Subscribed and sworn to before me this 1-9-84 January 1984.
“Notary public _”
Pennington then alleged that he had “tried for 8 days to get his writ of complaint notorized. But till this date he still is unable to get it notorized.... There is not but one notary public working for Station Annex.”
The State filed a motion to dismiss the habeas petition, claiming that “[a]n allegation of errors and irregularities in the conduct of a trial or prior to a trial cannot be considered in a Writ of Habeas Corpus.... [and] [a] Writ of Habeas Corpus does not lie to test adequacy of counsel.” The State did not raise the lack of notarized verification, or jurat, as a ground for dismissal of the petition. The trial court granted the State’s motion to dismiss on January 30, 1984.
Although the record does not contain another motion by the petitioner, he undoubtedly filed a “Motion to Reconsider” since the record includes a pleading entitled “[State’s] Motion to Dismiss Motion to Reconsider.” The trial court granted the latter motion February 15, 1984. Then on March 29,1984, Pennington filed a properly verified and notarized affidavit with the circuit court stating:
“I tried numerous times to get my petition notarized before I sent it to the *977 Clerk of the Circuit Court for filing, but I was unable to find a notary. I now solemnly swear that the allegations of said petition are true and correct to the best of my knowledge, information and belief.”
Pennington claims that the failure to have his petition notarized was not fatal to his case since the State’s motion to dismiss did not raise this objection. In O’Such v. State, 423 So.2d 317 (Ala.Cr.App.1982), the petitioner declared “under penalty of perjury” that the allegations of his petition were true, but the jurat and signature of the notary were, similarly, absent. 423 So.2d at 318. One of the State’s grounds for dismissal in O’Such, however, was that the petition was not verified by oath as required in § 15-21-4, Code of Alabama 1975.
Although this Court has affirmed the dismissal of other unverified petitions, see Voudrie v. State, 449 So.2d 1217 (Ala.Cr.App.1984); Barnhill v. State, 439 So.2d 822 (Ala.Cr.App.1983); Barker v. State, 437 So.2d 1375 (Ala.Cr.App.1983); Moore v. State, 417 So.2d 610 (Ala.Cr.App.1982), these opinions have not indicated whether the lack of verification was cited by the State as a basis for dismissal. But see Martin v. State, 449 So.2d 801 (Ala.Cr.App.1984) (where dismissal of petition was warranted because the petition was not properly verified even though “the State’s motion to dismiss failed to allege any grounds which would support the dismissal”). Although we note that the verification requirement for a habeas petition may be waived if not raised by the opposing party, see 39A C.J.S. Habeas Corpus § 168(c) (1976), we need not decide whether the requirement was waived here or whether Pennington’s eventual verification cured the earlier defect, since the petition before us was properly dismissed on grounds other than lack of verification.
Five of the six allegations stated in Pennington’s petition are not cognizable under the writ of habeas corpus. Neither the alleged ineffectiveness of counsel, see Hobson v. State, 425 So.2d 511, 513 (Ala. Cr.App.1982), nor the assertion of trial errors and irregularities, see Fields v. State, 407 So.2d 186 (Ala.Cr.App.1981), which could have been brought up on direct appeal, see LaBryer v. State, 45 Ala.App. 33, 222 So.2d 361, cert. denied, 284 Ala. 732, 222 So.2d 366 (1969), are proper grounds for habeas corpus.
The only assertion which would arguably qualify Pennington for the issuance of the writ is his allegation that the indictment was so defective that it did not charge an offense and, thus, was void. See Barbee v. State, 417 So.2d 611 (Ala.Cr.App.1982). Count I of the indictment reads as follows:
“Coleman Pennington, whose name is unknown to the Grand Jury other than as stated, did knowingly obtain or exert unauthorized control over, to-wit: one Sears calculator, Serial # 547130 and one Hester battery, the property of Houston S. James, and 2 Homelite XL-12 chain saws, one David Winter level, and one air impact wrench, the property of Delta Contractors, Inc., a corporation, a further description of same being unknown to the Grand Jury, of the combined value of, to-wit: $1,200.00, with the intent to deprive the said Houston S. James and Delta Contractors, Inc. of said property, in violation of Section 13A-8-3 of the Code of Alabama.” (Emphasis added.)
Pennington argues that the indictment here, like the indictment in Barbee, was fatally defective because it did not properly charge the criminal intent to deprive the owner of his property. He claims that the italicized portion of the indictment quoted above leads to the conclusion that all the property stolen was the joint property of Houston S. James and Delta Contractors, Inc. when, in fact, only certain items belonged to James and others belonged to Delta.
The conclusion argued for by Pennington, however, is directly refuted by the clear wording of the indictment that the calculator and battery were the property of Houston S. James, while the chain saws, *978 level and wrench belonged to Delta Contractors, Inc. Here, the indictment “allege[d] the ownership of each article, and not just generally that the articles belonged to the several owners.” Melia v. State, 5 Md.App. 354, 247 A.2d 554, 559 (Md.Ct.Spec.App.1968). Thus, Pennington could not have been misled regarding the ownership of the property. See Summers v. State, 348 So.2d 1126, 1132 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978).
The final phrase of the indictment (“with the intent to deprive the said Houston S. James and Delta Contractors, Inc. of said property”) does not describe the owners of the property but specifies the criminal intent with which the goods were taken. This phrase distinguishes the charge from the indictment in Barbee v. State, supra, in which there was no allegation of criminal intent.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.