The prison discipline board at Staton Correctional Facility denied petitioner's "good-time" benefits as discipline after finding that he had assisted another inmate in stealing nine pairs of ladies' blue jeans from the factory where he was working as part of the work release program. He filed a petition for habeas corpus, which was denied by the trial court. The Court of Criminal Appeals affirmed without issuing an opinion. 453 So.2d 6. Petitioner filed an application for rehearing, and attached a statement of facts, which he asked the court to consider pursuant to Rule 39 (k), Ala.R.App.P. After the Court of Criminal Appeals denied his application for rehearing, 461 So.2d 57, he petitioned this Court for writ of certiorari.
Although other issues were raised, we granted certiorari solely to review whether the petition for habeas corpus was properly verified. We find that the petition was properly verified and reverse and remand.
The Court of Criminal Appeals issued no opinion, but petitioner complies with Rule 39 (k), Ala.R.App.P., and contends that if the court held that the petition was not properly verified, then that holding would conflict with prior decisions of Alabama appellate courts. In his 4-page handwritten petition for habeas corpus, petitioner signed his name on the petition in three places — at the end of his petition, after a portion styled "Prayer for Relief," and after a portion he styled "Motion for Leave to Proceed in Forma Pauperis." At the end of the 4-page petition is the following: "Subscribed Sworn to before me this 17 *Page 93 
day of Jan. 1984. Margaret B. Hall, Notary."
In the recent case of O'Such v. State, 423 So.2d 317
(Ala.Cr.App. 1982), the Court of Criminal Appeals held that a habeas corpus petition is subject to dismissal by the trial court when, from the face of the petition, it is evident that the petitioner failed to comply with Code 1975, § 15-21-4, which provides, in pertinent part, that a petition for writ of habeas corpus "must be verified by the oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief."
In O'Such, the court found that "[i]n no part of the petition or defendant's accompanying papers is there any semblance of a jurat; the signature of no one other than that of the petitioner appears therein." O'Such at 318. O'Such, however, is distinguishable from the facts at hand, because here petitioner's signature following his motion for leave to proceed in forma pauperis was notarized.
In Rice v. State, 460 So.2d 254 (Ala.Cr.App. 1984), a petition for writ of habeas corpus was signed "before a notary public and adjacent to his signature [was] the following acknowledgment: `Subscribed and Sworn to before me this 27 day of February, 1984. Margaret B. Hall Notary.'" In determining that this acknowledgment satisfied the requirements of §15-21-4, the Court stated the following:
 "Niceties of pleading are not favored in habeas corpus proceedings. A petition which substantially complies with the provisions of § 15-21-4, and its corollary statutes is all that is necessary to secure the writ and bring before the judge the petitioner and his cause of detention. Ex parte Thomas, 270 Ala. 411, 118 So.2d 738, cert. denied, 363 U.S. 822, 80 S.Ct. 1263, 4 L.Ed.2d 1521 (1960); Ex parte Rockholt, 271 Ala. 68, 122 So.2d 162 (1960), cert. denied, 364 U.S. 935, 81 S.Ct. 384, 5 L.Ed.2d 368 (1961); State v. Thurman, 17 Ala. App. 656, 88 So. 61 (1921)."
Here, the concluding paragraph of the petition was signed on January 17, 1984. We find that § 15-21-4 has been substantially complied with and that the petition for writ of habeas corpus was properly verified.
The judgment of the Court of Criminal Appeals is reversed and the case is remanded to that court for entry by it of an appropriate opinion or order directing the trial court to hold an evidentiary hearing on Corbitt's petition for writ of habeas corpus.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.