PATTERSON, Judge.
Whitfield appeals the summary dismissal of his petition for writ of habeas corpus, which was dismissed upon the state’s motion. In his petition, Whitfield alleged that he had been denied procedural due process in a prison disciplinary proceeding. According to the disciplinary report in the record of this case, the proceeding resulted in 21 days’ disciplinary segregation, loss of privileges for 30 days, removal from work release status, reassignment to a major institution for not less than 6 months, and referral to Social Services for custody review.
The trial court dismissed the petition, stating, “[T]he Court is of the opinion and does hereby find that the Petition is not properly verified by oath as required by Law.” However, we find that, in addition to his signature after the prayer for relief, at the end of Whitfield’s petition is a portion entitled “Affidavit of Substantial Hardship,” which contains a notation that it was subscribed and sworn to before a notary public. In Ex parte Corbitt, 468 So.2d 92 (Ala.1985), the Alabama Supreme Court held that the verification at the end of the four-page petition, and after the portion styled “Motion for Leave to Proceed in Forma Pauperis,” substantially complied with § 15-21-4, Code of Alabama 1975.
On the authority of Ex parte Corbitt, supra, the judgment of the trial court is reversed and the case is remanded with directions that the trial court hold an evi-dentiary hearing on Whitfield’s petition for writ of habeas corpus.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.