**Kevin Dale SCHMALTZ, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16295.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 15, 1989.

David E. Woods, Regional Public Defender, Poplar Bluff, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant pled guilty to robbery in the first degree and armed criminal action. He was sentenced to 19 years' imprisonment on each count with sentences to be concurrent. Thereafter he filed a motion under Rule 24.035, seeking to vacate the convictions.

The trial court determined that the files and records in the case refuted movant's claims for relief, and denied movant's motion without an evidentiary hearing. See Rule 24.035(g). Appellate review is to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

Movant complains about the trial court's findings of fact and conclusions of law and although sparse, we find them sufficient. Findings of fact and conclusions of law are adequate when they enable an appellate court to determine whether they are clearly erroneous. *Huffman v. State*, 668 S.W.2d 255, 256 (Mo.App.1984). Although findings and conclusions are sparse they are sufficient if they permit meaningful appellate review. *Wesson v. State*, 768 S.W.2d 160, 162 (Mo.App.1989).

Movant also contends that he pled sufficient facts, not conclusions, showing that his attorney in the criminal matter was ineffective. To be entitled to an evidentiary hearing on the issue of ineffective assistance of counsel, a person seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief, and those facts must not be refuted by the record and must have resulted in prejudice to the movant. *Boggs v. State*, 742 S.W.2d 591, 594 (Mo.App.1987). The factual matters in movant's motion which might conceivably entitle him to relief are refuted by the record and the conclusions in the motion do not entitle him to a hearing.

The trial court's findings and conclusions were not clearly erroneous.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.