Jimmy Dean BAKER,
Movant–Appellant

v.

STATE of Missouri,
Defendant–Respondent.

No. 16822.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 1990.

Marcie W. Bower, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

---

1. References to statutes are to RSMo 1986 unless otherwise stated.

2. Rule 24.035(d) requires that a motion to vacate a sentence "include every ground known to the movant for vacating, setting aside or correcting the judgment or sentence," and that

PARRISH, Presiding Judge.

This is an appeal from the dismissal of a motion for post-conviction relief brought under Rule 24.035. Jimmy Dean Baker (hereafter referred to as "movant") was convicted of the offense of second degree robbery and sentenced to imprisonment for a term of six years. § 569.030.[1] His 24.-035 motion is directed to that conviction and sentence.

■ The trial court dismissed movant's 24.035 motion without evidentiary hearing having concluded that the motion, the files and record of the case conclusively showed that movant was not entitled to relief. Rule 24.035(g). Although the trial court relied upon other grounds for its dismissal, a review of the motion discloses that it is not verified as required by Rule 24.035(d).[2] As such, the motion is a nullity. *Reynolds v. State*, 783 S.W.2d 500 (Mo.App.1990). The action taken by the trial court dismissing the motion was correct. The motion presented nothing for the trial court to consider. *Quinn v. State*, 776 S.W.2d 916, 918 (Mo.App.1989).

■ Movant used the required "Criminal Procedure Form No. 40" to state his claim for post-conviction motion relief. *See* Rule 24.035(b). That form provides a place for the required verification. Movant's motion is not verified there or at any other place. The place provided for verification on the "Criminal Procedure Form No. 40" includes a place for a "notary public embosser seal." At that location on movant's motion the following statement appears: "Please See Deposition and Statement—in Lieu of Notarization *Attached.*" Thereafter, following two other pleadings, there is a typewritten statement which says, "IN LIEU OF NOTARY PUBLIC WITNESSING THIS INSTRUMENT, I FILE THIS PURSUANT TO 28 USC § 1746, AND I STATE

"[t]he movant shall verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion."

THAT I KNOW THE PENALTY FOR PURJURY [sic]." 28 U.S.C. § 1746 is a federal statute that relates to matters, in writing, that are required by "law of the United States or under any rule, regulation, order, or requirement made pursuant to law, ... to be supported, evidenced, established, or proved by ... sworn declaration, verification, certificate, statement, oath or affidavit." Such a matter may "be supported, evidenced, established, or proved" by an unsworn, written statement subscribed "as true under penalty of perjury."

Movant's reliance upon 28 U.S.C. § 1746 as a substitute for verification as required by Missouri law is misplaced. 28 U.S.C. § 1746 applies to matters subject to federal law, not to matters subject to the law of the State of Missouri. This subject was addressed in the Alabama case, *O'Such v. State*, 423 So.2d 317, 319 (Ala.Cr.App. 1982)[3]. In *O'Such*, the Alabama court stated:

> There is no collision between the federal law and the state law on the subject. The federal law controls, of course, as to procedure in federal courts, and the state law controls as to procedure in state courts. Otherwise, turmoil results.

The statement by the Alabama court is equally apropos in this case. Missouri statutes, not 28 U.S.C. § 1746, prescribe the manner by which a document executed in Missouri may be verified.

In order to "verify" a written instrument that is executed in Missouri, the proof or acknowledgment must be taken "by some court having a seal, or some judge, justice or clerk thereof, or a notary public." § 442.150(1) in accordance with provisions of § 442.155.1.

Mindful that the Missouri Supreme Court declared in *Kilgore v. State*, 791 S.W.2d 393, 395 (Mo. banc 1990),[4] that the requirement of verification in a post-conviction motion is not "a mere formality"; that verification is an essential part of the post-conviction motion; and that "[a]n unverified post-conviction motion is not substantially in the form required by Criminal Procedure Form 40," this court has nothing before it to review. Movant's purported motion for post-conviction relief does not meet the requirements of Rule 24.035. That rule provides the exclusive procedure by which a person convicted on a plea of guilty and delivered to the department of corrections may seek relief by means of a motion for post-conviction relief. Rule 24.-035(a). The order of the trial court dismissing movant's motion is affirmed.

HOGAN and SHRUM, JJ., concur.

---

**3.** In *O'Such v. State*, 423 So.2d 317 (Ala.Cr.App. 1982), a pro se habeas corpus petition was filed by an inmate in an Alabama corrections facility. The inmate sought relief from a prison disciplinary action contending that the disciplinary proceeding and hearing were "a denial of the due process and equal protections of the laws in violation of his constitutional rights." *Id.* at 317–18. The trial court sustained the state's motion to dismiss in that the petition for habeas corpus was not verified by oath as required by Alabama statutes. The petition purported to be executed "under penalty of perjury" as permitted by 28 U.S.C. § 1746. The order dismissing the petition was affirmed on appeal. *See also People v. Ramos*, 430 Mich. 544, 424 N.W.2d 509, 511, et. seq. (1988), for an extensive discussion of what is required by Michigan statutes in order for an "oath" to be valid. Requirements of other jurisdictions are noted throughout the Michigan opinion.

**4.** *Kilgore* was brought under Rule 29.15. That rule is the counterpart to Rule 24.035 in that Rule 29.15 applies to a person convicted of a felony after a trial, whereas Rule 24.035 applies to a person convicted of a felony following a plea of guilty. The verification requirements for motions under Rule 24.035 are the same as the verification requirements for motions under Rule 29.15. *Cf.* Rule 29.15(d) and Rule 24.-035(d).