William C. POOLE, Appellant,

v.

STATE of Missouri, Respondent.

No. 17663.

Missouri Court of Appeals,
Southern District,
Division One.

March 10, 1992.

Gary E. Brotherton, Columbia, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant, William C. Poole, brings this appeal from an order denying, without an evidentiary hearing, his motion per former Rule 27.26[1] to vacate his conviction of manufacturing marijuana, § 195.020.1, RSMo Cum.Supp.1982, and 20–year prison sentence. The conviction, following a jury-waived trial, was affirmed on direct appeal. *State v. Poole*, 683 S.W.2d 326 (Mo.App. 1984).

The first of Appellant's two points relied on in the instant appeal reads:

The motion court clearly erred in denying Appellant's ... motion ... without an evidentiary hearing ... in that Appellant pleaded facts which, if proved, would warrant relief and which are not refuted by the record as the motion alleged, inter alia, that:

### A.

Defense counsel failed to interview, depose, or investigate Becky Allen, at whose apartment Appellant was arrest-

ed, and whose testimony would have supported Appellant's motion to suppress items seized at the time of the arrest;

### B.

Defense counsel engaged in concurrent representation of Allen Bates, whose interests were adverse to Appellant, thereby forcing defense counsel to make decisions detrimental to Appellant in order to protect Mr. Bates; and

### C.

Appellant's waiver of a trial by jury was not knowing, intelligent, and voluntary since he was not questioned by the court regarding his understanding of the consequences of such a waiver, and the waiver form alluded to by the court was not made a part of the record.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Futrell v. State*, 667 S.W.2d 404, 405[1] (Mo. banc 1984).

To be entitled to an evidentiary hearing, a prisoner seeking post-conviction relief under Rule 27.26 must meet three requirements: (1) his motion must allege facts, not conclusions, which if true would warrant relief; (2) such allegations must be unrefuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the prisoner. *Kelly v. State*, 796 S.W.2d 657, 658–59[1] (Mo.App.1990); *Ahart v. State*, 732 S.W.2d 256, 257[1] (Mo.App.1987).

The allegations presented by Appellant in the motion court appear in his pro se motion filed February 27, 1986, and a first amended motion prepared later with assistance of counsel. The latter motion incorporated "each and every allegation set forth in [the] pro se motion."

We first address part "A" of Appellant's first point. Pertinent to it, the pro se motion alleges:

---

**1.** Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988), p. 142.

[Appellant] was denied the effective assistance of counsel when [defense] counsel ... failed to interview depose and investigate Becky Allen (concerning the search and seizure of items during [Appellant's] arrest), though requested to do so by [Appellant], denying [him] a full and fair hearing on the search and seizure issue....

Defense counsel's alleged failure to contact Ms. Allen was alluded to in the first amended motion as follows:

[Appellant] was denied his right to effective assistance of counsel ... in that [defense] counsel ... failed to interview and investigate ... Rebecca Allen as requested by [Appellant]. [Appellant] was prejudiced as such investigation would have supported [his] motion to suppress items taken from [his] residence.

The transcript of Appellant's trial[2] reveals Ms. Allen was present when Appellant was arrested in a Springfield apartment. In the apartment, officers seized a pair of pants, a wallet, a shirt, and some keys.

To prevail on a claim of ineffective assistance of counsel, a prisoner must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Where a prisoner's motion for post-conviction relief avers his lawyer rendered ineffective assistance by failing to present a witness in the trial court, the motion must state the facts to which the unproduced witness would have testified; if the motion fails to do so the prisoner is not entitled to an evidentiary hearing. *Barton v. State*, 802 S.W.2d 561, 562–63[1] (Mo.App.1991); *Mathenia v. State*, 752 S.W.2d 873, 876[4] (Mo.App.1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 819, 102 L.Ed.2d 809 (1989); *Sinclair v. State*, 708 S.W.2d 333, 336[4] (Mo. App.1986).

Neither the above-quoted passage from Appellant's pro se motion nor the above-quoted passage from the first amended motion supplies a clue as to what Ms. Allen's testimony would have been had defense counsel presented her as a witness regarding the seizure of the items in the apartment. The only other mention of Ms. Allen we can find is in the pro se motion, which avers defense counsel and Allen Bates thought Ms. Allen would link Bates with the keys. This allegation is set forth verbatim, *infra*, in our discussion of part "B" of Appellant's first point. It furnishes no hint about the testimony Ms. Allen could have supplied regarding the seizure.

Inasmuch as the pro se motion and the first amended motion fail to state any facts to which Ms. Allen could have testified concerning the seizure, we hold Appellant was not entitled to an evidentiary hearing on his complaint that defense counsel failed to interview, depose or investigate Ms. Allen. Part "A" of Appellant's first point is denied.

■ We next consider part "C" of Appellant's first point. The pro se motion contains nothing pertinent to it. The first amended motion pleads:

[Appellant] was deprived of his rights to a fair trial before an impartial jury ... in that his waiver of a trial by jury was involuntarily, unknowingly and unintelligently made. The jury trial waiver form executed by [Appellant] was procured in violation of Missouri Supreme Court Rule 27.01(b) in that the waiver was not made in open court nor was a record made of the waiver.

At the start of trial, this dialogue occurred:

The Court: ... Mr. Poole, you have previously filed with this court a waiver of a trial by jury. Is that correct, sir?

The Defendant: Yes.

The Court: Okay. And that is still your desire?

The Defendant: Yes.

---

2. On motion of Appellant, we considered the record in the direct appeal as part of the record in the instant appeal.

The passage from the first amended motion regarding Appellant's waiver of jury trial (quoted above) alleges no facts; it merely states, as a conclusion, that the waiver was involuntarily, unknowingly and unintelligently made. No facts or circumstances are pled which, if true, would support a finding of involuntariness. There is no allegation of any right about which Appellant was ignorant, and no averment showing that such ignorance rendered his waiver unknowing or unintelligent.

We hold Appellant failed to meet the requirement of alleging facts demonstrating his waiver of jury trial was involuntarily, unknowingly or unintelligently made. *Cf. Grove v. State*, 772 S.W.2d 390, 396[8] (Mo.App.1989); *Fairley v. State*, 770 S.W.2d 458, 459–60[2] (Mo.App.1989). Accordingly, no evidentiary hearing was required on that subject.

■ Appellant cannot, in this appeal, complain about the trial court's alleged noncompliance with Rule 27.01(b) in assenting to the jury trial waiver. Any such gaffe would have been a trial error. Assertions of trial error are not cognizable in post-conviction relief proceedings unless they amount to constitutional violations and exceptional circumstances are shown justifying not raising such grounds on direct appeal. *Clemmons v. State*, 795 S.W.2d 414, 417[6] (Mo.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1689, 114 L.Ed.2d 83 (1991); *Hood v. State*, 785 S.W.2d 565, 566 (Mo.App.1990). No such circumstances appear here. Part "C" of Appellant's first point is denied.

■ We now address part "B" of the first point. Pertinent to it, the pro se motion alleges:

[Appellant] was denied the effective assistance of counsel in that [defense] counsel had a substancial [sic] conflict of interest, which was neither revealed, discussed, nor waived by [Appellant] when counsel was paid and controlled by a person named Allen Bates, who paid an as yet unrevealed amount of money to defense counsel ... in exchange for counsel's failure to sufficiently challenge the below, which was accomplished without probable cause; (1) [Appellant's] initial arrest and the proper subsequent suppression of (2) keys, pants and shirt; (3) the fact that the Honcho truck was driven by Allen Bates on the night of [Appellant's] arrest; (4) that counsel was not to call Becky Allen to aid in the suppression of the ... keys, pants and shirt because counsel and Bates thought that Ms. Allen, if called to testify, would incriminate Bates by linking Bates with the keys to the Burney farm. . . .

The keys, pants and shirt mentioned in the above excerpt are the ones seized at the time of Appellant's arrest; the "Burney farm" is the site where the marijuana was being grown. At trial, the court, at defense counsel's behest, excluded the shirt as evidence, and also excluded testimony regarding the result of efforts by officers to identify the premises to which the keys belonged. Therefore, Appellant was not prejudiced by the seizure of those items. Furthermore, as observed in our denial of part "A" of Appellant's first point, Appellant alleged no facts to which Ms. Allen could have testified concerning the seizure. Consequently, Appellant pled nothing demonstrating prejudice from defense counsel's failure to present Ms. Allen as a witness in the trial court.

■ However, the above-quoted excerpt appears to imply defense counsel failed to present evidence that the Honcho truck was driven by Bates on the night of Appellant's arrest. For the reasons that follow, we hold this allegation requires an evidentiary hearing.

The State's evidence showed Appellant owned a distinctively marked Jeep Honcho. *Poole*, 683 S.W.2d at 327. The presence of that vehicle on various occasions at the Burney farm was part of the evidence against Appellant. *Id.* at 327–28.

The marijuana was seized when officers raided the farm September 15, 1982. *Id.* at 327. Appellant was arrested about 2:00 a.m., September 16, 1982. If Bates had indeed been driving the Honcho the night Appellant was arrested, we cannot conclude on the record before us that such

evidence would have been of no value to Appellant. Possibly, it could have been argued at trial that such evidence would support an inference that Bates, not Appellant, was the cultivator of the marijuana.

As we comprehend Appellant's contention, he asserts Bates "paid and controlled" defense counsel, and this accounts for counsel's failure to present evidence that the Honcho was driven by Bates on the night of Appellant's arrest. In that regard, the first amended motion avers:

> [Appellant] was denied effective assistance of counsel ... in that [defense] counsel ... was laboring under a conflict of interest with [Appellant] at the time [counsel] represented [Appellant]. [Defense] counsel was representing and had been retained by an Allen Bates whose interests clashed with [Appellant's] and counsel was forced to make strategic decisions that adversely affected [Appellant] because of counsel's representation of Allen Bates.

■ An accused is entitled to representation by counsel whose assistance is untrammeled and unimpaired by simultaneous representation of a client with interests antagonistic to those of the accused. *State v. Cox,* 539 S.W.2d 684, 687[2] (Mo. App.1976). An accused is denied his constitutional right to effective assistance of counsel if his lawyer represents conflicting interests without the accused's knowledge and assent. *State v. Johnson,* 549 S.W.2d 348, 350[2] (Mo.App.1977). In order to evidence a conflict of interest, something must have been done by counsel in the trial, or something must have been foregone by counsel and lost to the accused, which was detrimental to the accused's interests and advantageous to the one with antagonistic interests. *Id.* at 350.

Although Appellant's accusation against defense counsel may appear implausible, it is, as one would expect, unrefuted by the record. Therefore, Appellant is entitled to an evidentiary hearing on his complaint that defense counsel was simultaneously representing Bates and, by reason thereof, failed to present evidence that Bates was driving the Honcho on the night of Appellant's arrest.

■ This ruling completes our adjudication of Appellant's first point and brings us to his second. It asserts the motion court clearly erred in failing to make specific findings of fact and conclusions of law on all issues presented, thereby depriving Appellant of meaningful appellate review of the motion court's denial of post-conviction relief.

Appellant's pro se motion contained a multitude of allegations. Many purported to raise issues of alleged trial error. Others were conclusional, not factual. Still others were argumentative, rambling, and virtually incomprehensible. The first amended motion also contained myriad allegations.

The motion court's findings of fact were:

1. That Movant was tried and convicted ... and sentenced to a term of twenty years confinement for the offense of manufacturing marijuana.

2. That thereafter Movant filed his Motion under Supreme Court Rule 27.26 alleging ineffective assistance of counsel for a variety of reasons as set out in the Motion which is a part of the Court file herein.

3. That the allegations contained by Movant in his Motion under Supreme Court Rule 27.26 are refuted by the files and records before the Court herein.

The motion court's conclusions of law were:

1. That the burden of proof in a proceeding under Rule 27.26 is upon the Movant who must establish a basis for relief by preponderance of the evidence.

2. That the allegations of Movant in his Motion under Supreme Court Rule 27.26 are refuted by the record and therefore Movant has failed to meet his burden of proof herein.

The law pertinent to Appellant's second point appears in *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978):

> In ruling on the motion, whether with or without an evidentiary hearing, the court shall follow rule 27.26(i) and make find-

ings of fact and conclusions of law on all issues presented. Only if that is done can the appellate court make the kind of review contemplated by rule 27.26(j). A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with rule 27.26(i). Nor will findings and conclusions be supplied by implication from the trial court's ruling. Specific findings and conclusions are contemplated and required.

We acknowledge that sometimes, sparse findings of fact and conclusions of law are sufficient to enable an appellate court to determine whether they are clearly erroneous. *Schmaltz v. State*, 780 S.W.2d 88 (Mo.App.1989). Here, we were able to determine that the motion court's denial of relief on the grounds specified in parts "A" and "C" of Appellant's first point was not clearly erroneous.

However, given the number and variety of the other allegations in both the pro se motion and the first amended motion, the motion court's findings of fact and conclusions of law are too abbreviated for meaningful appellate review. Consequently, on remand the motion court should make findings of fact and conclusions of law in compliance with Rule 27.26(i) and *Fields.* Where the motion court determines a ground for relief is refuted by the files and records, the motion court should identify the portion of the file or record that does so.

The motion court's denial of relief is affirmed as to the grounds in parts "A" and "C" of Appellant's first point. On remand, the motion court need do nothing further regarding those grounds.

As to the remaining grounds for relief raised by Appellant's pro se motion and the first amended motion, the motion court's denial of relief is reversed and the cause is remanded to the motion court for further proceedings consistent with this opinion. If the motion court, in drafting its findings of fact and conclusions of law, determines an evidentiary hearing is required on one or more grounds other than the one in part "B" of Appellant's first point (on which

evidence must be heard), the motion court may, of course, receive evidence on such other ground or grounds.

PREWITT, P.J., and PARRISH, J., concur.