STATE of Missouri, Respondent,

v.

Ruben GONGORA, Appellant.

Ruben GONGORA, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17635, 18581.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 1, 1993.

Gerald D. Mueller, Asst. Public Defender, Lebanon, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Chief Judge.

Ruben G. Gongora (defendant) was convicted of possession of a controlled substance, phenobarbital. Section 195.202.[1] He was sentenced to imprisonment for a term of two years (Case No. 17635). Section 558.011.1(3). He thereafter filed a Rule 29.15 motion that was denied without an evidentiary hearing (Case No. 18581). The appeals were consolidated as required by Rule 29.15(*l*). This court affirms.

Defendant is Cuban. His primary language is Spanish. He was provided an interpreter at trial and at the pre-trial evidentiary hearing held on a motion to suppress evidence.

The only point raised in the appeal in defendant's Rule 29.15 proceeding is directed to the qualifications of the interpreter.[2] Defendant contends the motion court erred in denying his Rule 29.15 motion without evidentiary hearing because the record in the underlying criminal case did not refute his allegation that the trial court failed to determine the interpreter was "certified in a manner such as established for federal courts."

In *Poole v. State*, 825 S.W.2d 669 (Mo.App. 1992), this court held:

Assertions of trial error are not cognizable in post-conviction relief proceedings unless they amount to constitutional violations and exceptional circumstances are shown justifying not raising such grounds on direct appeal. *Clemmons v. State*, 795 S.W.2d 414, 417[6] (Mo.App.1990), *cert. denied*, [——] U.S. [——], 111 S.Ct. 1689, 114

---

1. References to statutes are to RSMo Supp.1990.

2. The interpreter was interrogated by the trial judge prior to commencement of the hearing on defendant's motion to suppress evidence. The trial judge inquired about the interpreter's qualifications and experience. The interpreter's responses included that she had been an interpreter for defendant previously; she had talked with him earlier the morning of the hearing and had no problem understanding him. She stated, "I feel he understands everything I say." She had previously served as interpreter for the federal courts and for the Circuit Court of Greene County, Missouri. The same interpreter who assisted at evidentiary hearing assisted at defendant's trial. She was told "to tell the defendant verbatim everything that occur[red], every question that[ ] [was] asked, every answer that[ ] [was] given."

L.Ed.2d 83 (1991); *Hood v. State,* 785 S.W.2d 565, 566 (Mo.App.1990). *Id.* at 672.

■ Issues relating to qualifications or competency of interpreters are proper issues for review in direct appeals in criminal cases. *See State v. Gonzalez–Gongora,* 673 S.W.2d 811 (Mo.App.1984); *see also U.S. v. Villegas,* 899 F.2d 1324 (2d Cir.1990). Assuming defendant's complaint could be considered an allegation of a constitutional violation, no exceptional circumstances have been suggested that justify his failure to preserve the issue for appeal in his criminal case and his failure to raise it there.[3] The qualifications of defendant's interpreter at trial is not a cognizable issue in the appeal of his Rule 29.15 proceeding.

■ This court notes, nevertheless, that the claim defendant is attempting to assert is founded on a federal statute that applies to qualifications of interpreters in criminal and certain civil actions in U.S. District Courts, 28 U.S.C.A. § 1827.[4] His reliance on the federal statute is misplaced. As observed in *State v. Gonzalez–Gongora, supra,* it prescribes procedures applicable to U.S. District Courts. It does not govern the procedures followed in Missouri courts. *Baker v. State,* 796 S.W.2d 426 (Mo.App.1990), pointed out that federal statutes applicable to procedures in federal courts do not control procedures in state courts, quoting from *O'Such v. State,* 423 So.2d 317, 319 (Ala.Cr.App.1982):

> The federal law controls, of course, as to procedure in federal courts, and the state law controls as to procedure in state courts. Otherwise, turmoil results.

796 S.W.2d at 427. As in *Baker,* "[t]he statement by the Alabama court is equally apropos in this case." *Id.* Defendant's point is denied.

■ Defendant presented no point on appeal directed to his criminal conviction and sentence. Failure to present an assignment of error directed to the judgment and sentence from which an appeal is taken consti-

tutes abandonment of the appeal. *State v. Berry,* 798 S.W.2d 491, 493–94 (Mo.App. 1990). The judgment and sentence in No. 17635 are affirmed. The order denying the Rule 29.15 motion in No. 18581 is affirmed.

SHRUM and MONTGOMERY, JJ., concur.

---

**3.** Constitutional implications of denying a needed defense-interpreter are discussed in *State v. Gonzalez–Gongora,* 673 S.W.2d 811, 818 (Mo. App.1984).

**4.** In *State v. Gonzalez–Gongora, supra,* n. 3, this court explained the applicability of 28 U.S.C.A. § 1827.