**Jason D. OSBORN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 31689.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 18, 2012.

Mark Allen Grothoff, Columbia, for Appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Appellant Jason B. Osborn ("Movant") appeals the motion court's denial without an evidentiary hearing of his Rule 29.15 motion.[1] In his sole point relied on Movant asserts "[t]he motion court clearly erred in denying [his] Rule 29.15 motion without granting an evidentiary hearing because [his] motion pleaded factual allegations which, if proven, would warrant relief...." He maintains he was prejudiced by the fact that the "trial court proceeded to trial without a jury without ascertaining on the record that [Movant's] waiver was voluntarily and knowingly entered, as required by [Rule] 27.01."[2]

In the present matter, Movant was charged via "INFORMATION" with three counts of endangering the welfare of a

---

1. All rule references are to Missouri Court Rules (2011).

2. Rule 27.01 provides:
   (a) All issues of fact in any criminal case shall be tried by a jury to be selected, summoned and returned in the manner prescribed by law, unless trial by jury be waived as provided in this Rule.

   (b) The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

child in the first degree, violations of section 568.045; two counts of enticement of a child, violations of section 566.151, RSMo Cum.Supp.2006; and two counts of second degree murder, violations of section 565.021.

On December 4, 2008, Movant's counsel filed a written "Waiver of Jury Trial" that was signed by Movant and his trial counsel and accepted and signed by the trial court.

A bench trial, at which Movant was represented by counsel, was held on January 20–21, 2009. At the close of all the evidence Movant was convicted of all counts save for one of the enticement charges. He was thereafter sentenced to five years imprisonment on each of the three child endangerment charges; five years imprisonment on the remaining enticement of a child charge; and fifteen years on each of the second degree murder charges with the murder sentences to run consecutive to the other sentences. Movant filed a direct appeal to this Court. This Court reversed Movant's conviction for enticement of a child, but in all other respects, affirmed the judgment. *State v. Osborn,* 318 S.W.3d 703, 714 (Mo.App.2010).

On October 25, 2010, Movant filed a *pro se* "Motion to Vacate, Set Aside or Correct the Judgment or Sentence." In his *pro se* motion he maintained:

> the trial court erred by failing to conduct a hearing on the record to determine if I knowingly and intelligently waived my constitutional right to a jury trial, this violates my due process of law rights, guaranteed by the 6th and 14th Amendments to the U.S. Constitution and Article I, Sections 10 and 22(a) of the Missouri Constitution, and Mo.Sup. Ct.R.27.01(b). Because the trial court's failure was per se prejudicial, this court must reverse and remand for a new trial.

He was thereafter appointed counsel by the motion court and his counsel filed a "COUNSEL'S STATEMENT IN LIEU OF FILING A RULE 29.15 AMENDED MOTION," wherein counsel set out that "[t]here are no additional meritorious claims to be raised other than those raised by Movant in his *pro se* motion" and "[t]here are no additional facts known, in support of the claims raised in Movant's *pro se* motion." Movant's counsel then requested the motion court "review the claims raised in [Movant's] pro se motion, determine if an evidentiary hearing is warranted, and if so set same, and vacate his judgment and sentence. . . ."

After reviewing the motions, the motion court determined as to "Claim D," in which "Movant allege[d] that he did not knowingly waive his right to a jury trial, as this Honorable Court failed to have a hearing on the record to find that he 'knowingly and intelligently waived his right to a jury trial in this case . . . ,' that

> Movant's [trial counsel] . . . [had] filed a Waiver of Jury Trial' on December 3rd, 2008, which was taken up by this Honorable Court on December 4th, 2008[,] and sustained. Therefore, Movant faile[d] to establish sufficient facts to show that he [was] entitled to postconviction relief based on his allegation that he did not knowingly and intelligently waive his right to a jury trial.

The motion court then denied Movant's request for an evidentiary hearing. This appeal followed.

█ To be entitled to an evidentiary hearing, a movant must: (1) allege facts, not conclusions, that would warrant relief if true; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Barnett v. State,* 103 S.W.3d 765, 769 (Mo. banc 2003). If the files and

records of the case conclusively show that the movant is not entitled to any relief, no evidentiary hearing is required. Rule 29.15(h); *Barnett*, 103 S.W.3d at 769.

As always in Rule 29.15 proceedings, our review is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Smith v. State*, 207 S.W.3d 228, 230 (Mo.App.2006). We presume the motion court's findings and conclusions are correct. *Edwards v. State*, 200 S.W.3d 500, 509 (Mo. banc 2006). Findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with the definite and firm impression that a mistake has been made. *Id.*; *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996).

"A Rule 29.15 motion cannot be used to obtain review of matters which were or should have been raised on direct appeal." *Phillips v. State*, 214 S.W.3d 361, 364 (Mo.App.2007). This is because trial court error "[i]s outside the scope of a Rule 29.15 motion." *State v. Carter*, 955 S.W.2d 548, 555 (Mo. banc 1997). "Generally, trial court error is not cognizable in a [Rule] 29.15 motion unless fundamental fairness requires it to be raised, which only occurs in exceptional circumstances." [3] *State v. Franklin*, 854 S.W.2d 438, 444 (Mo.App.1993).

[Movant] cannot, in this appeal, complain about the trial court's alleged non-compliance with Rule 27.01(b) in assenting to the jury trial waiver. Any such gaffe would have been a trial error. Assertions of trial error are not cognizable in post-conviction relief proceedings unless they amount to constitutional violations and exceptional circumstances are shown justifying not raising such grounds on direct appeal.[ [4] ]

---

3. We note that while
   the typical claim brought under Rule 29.15 is for ineffective assistance of counsel, Rule 29.15 also applies to claims that the sentence imposed violates state law or constitution or the federal constitution. However, even constitutional claims are not generally cognizable in a Rule 29.15 motion where such claims should have or could have been raised in a direct appeal. *Hudson v. State*, 248 S.W.3d 56, 58 (Mo.App. 2008) (citations omitted).

4. Here, there are no rare and exceptional circumstances justifying why Movant did not raise these grounds on direct appeal and none are alleged by Movant. Indeed, the docket sheet reflects an entry made on December 3, 2008, relating to a "[n]otice for 12–4–08 at 9:00 to take up [Movant's] waiver of jury trial." The docket sheet also reflects an entry on December 4, 2008, stating "Motion Hearing Held" relating to a written "Waiver of Jury Trial Filed" by Movant's counsel and the re-scheduling of the matter for a bench trial on January 20, 2009. Additionally, the record reflects Movant signed a written "Waiver of Jury Trial" which was filed on December 4, 2008. This waiver recited that Movant "acknowled[ged] that [he] ha[d] been advised that [he is] entitled to a Jury Trial in connection with the charge(s) ... filed against [him] ... and acknowled[ged] that [he had] been given the right to consult with friends and an attorney," and had chosen to "waive [his] right to a Jury Trial." The waiver was dated December 4, 2008, and it included the signatures of both Movant and his counsel. Additionally, the waiver recited the trial court's finding that Movant "has been advised of the above rights and has refused and waives the right to a Jury Trial. The [trial c]ourt accepts the waiver and orders that [Movant] is set for Trial...." It was then dated and signed by the trial court judge.

   "Under the constitution and Rule 27.01(b) the waiver must appear in the record with 'unmistakable clarity.'" *State v. Britt*, 286 S.W.3d 859, 861 (Mo.App.2009) (quoting *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)). "This Rule does not require that the trial court personally examine the defendant on the record about whether the defendant understands the right, but only that the waiver be made 'in open court.'" *State v. Beam*, 334 S.W.3d 699, 704 (Mo.App.2011) (quoting *Baxter*, 204 S.W.3d at 653). Under

*Poole v. State,* 825 S.W.2d 669, 672 (Mo. App.1992); *see Luster v. State,* 10 S.W.3d 205, 216 (Mo.App.2000). Furthermore, as in *Poole,* 825 S.W.2d at 672, Movant's post-conviction relief motion alleged no facts and merely stated, as a conclusion, that his waiver was involuntarily, unknowingly and unintelligently made. There are no facts or circumstances pled in the motion which, if true, would support a finding of involuntariness. Additionally, there is no allegation of any rights about which Movant was ignorant and no averment showing such ignorance rendered his waiver unknowing or unintelligent. Accordingly, Movant "failed to meet the requirement of alleging facts demonstrating his waiver of jury trial was involuntarily, unknowingly or unintel-

ligently made." *Id.* The findings of the motion court are not clearly erroneous.[5] No evidentiary hearing was required. Point denied.

The order, findings of fact and conclusions of law of the motion court are affirmed.

JEFFREY W. BATES and DON BURRELL, JJ., concur.

---

the foregoing factual scenario there is no doubt that the waiver in question was "voluntarily, knowingly and intelligently made." *State v. Sharp,* 533 S.W.2d 601, 605 (Mo. banc 1976); *see also State v. Butler,* 415 S.W.2d 784, 785 (Mo.banc 1967). The fact that a written waiver was signed by Movant and filed with the trial court proves the waiver of his right to a trial by jury was knowingly and voluntarily made.

5. While this Court is affirming the decision of the motion court for a reason other than that set out in the motion court's findings, we note that it is settled law that this Court does not "reverse if the motion court reached the right result, even if it was for the wrong reason." *Walker v. State,* 34 S.W.3d 297, 305 n. 5 (Mo.App.2000).