

# Missouri Court of Appeals

### Southern District

### Division One

ERNEST ENGLES,                     )
                                   )
             Appellant,            )
                                   )   No. SD36925
     vs.                           )
                                   )   **Filed: July 19, 2021**
STATE OF MISSOURI,                 )
                                   )
             Respondent.           )

APPEAL FROM THE CIRCUIT COURT OF DENT COUNTY

Honorable Kelly W. Parker, Judge

## AFFIRMED

Ernest Engles ("Engles") appeals the motion court's denial of his Rule 29.15[1] motion for post-conviction relief ("PCR"). We affirm.

## Background

Engles was charged with first-degree statutory sodomy, two counts of first-degree child molestation, and three counts of first-degree endangering the welfare of a child. The state alleged the crimes occurred sometime during a one-year span of time. Engles moved for a bill of particulars, which was denied.

---

[1] All rule references are to Missouri Supreme Court Rules (2018), unless otherwise indicated.

During the state's closing argument at trial, the prosecutor explained:

> We've got dates on there but in Missouri we have what's called time is not of the essence. We don't have to prove the exact date because nobody expects kids to remember exact dates. So we don't have to state exact dates except for in certain occasions for instance the question of age or anything like that. But in this case she's under 12 now. The time doesn't really matter so you don't have to take that into consideration but it's there.

The verdict directors for each charge permitted a finding of guilt only if the jury found, among other things, that Engles committed certain acts on or about or between the dates alleged in the amended information. The jury also was directed, "You will bear in mind that it is your duty to be governed in your deliberations by . . . the law as given in these instructions." *See* MAI-CR 3d 302.06.

The jury returned guilty verdicts on all counts. Engles's motion for new trial did not include any allegation of error related to the specificity of the dates listed in the information, to the overruling of his request for a bill of particulars, or to the prosecutor's closing argument.

Engles appealed, raising only one claim of error: the trial court's admission, over objection, of physical evidence seized from Engles's home. We affirmed in an order issued pursuant to Rule 30.25(b).

Engles then sought Rule 29.15 post-conviction relief,[2] asserting, as relevant here: (1) that he was denied due process and a fair trial due to the prosecutor's statement during closing argument that "time is not of the essence," and (2) that he received ineffective assistance of counsel in that trial counsel failed to object to the prosecutor's closing argument and appellate counsel failed to raise the issue as plain error on direct appeal.

---

[2] We have checked the record and verified that both the original and amended motions were timely filed. *See **Moore v. State***, 458 S.W.3d 822 (Mo. banc 2015).

2

The motion court rejected these claims after a hearing and denied relief. This appeal followed.

## Principles of Review

We presume the motion court's findings are correct and will reverse only if the findings and conclusions are clearly erroneous. ***Deck v. State***, 381 S.W.3d 339, 343 (Mo. banc 2012); Rule 29.15(k). "A clear error is a ruling that leaves the appellate court with a definite and firm impression that a mistake has been made." ***Id.*** The motion court is "entitled to believe all, part, or none of the evidence presented at the post-conviction hearing." ***State v. Hunter***, 840 S.W.2d 850, 863 (Mo. banc 1992). "We defer to the motion court's credibility determinations (explicit or implicit), viewing the evidence in the light most favorable to the motion court's judgment." ***Berry v. State***, 551 S.W.3d 102, 103 (Mo.App. 2018).

To prevail on a post-conviction claim of ineffective assistance of counsel, the movant must satisfy both the performance and prejudice prongs of the ***Strickland***[3] test. ***Anderson v. State***, 564 S.W.3d 592, 600 (Mo. banc 2018). "Movant must overcome the strong presumption trial counsel's conduct was reasonable and effective[]" by "identify[ing] 'specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance.'" ***Id.*** (quoting ***Zink v. State***, 278 S.W.3d 170, 176 (Mo. banc 2009)). "Strategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." ***Id.*** (quoting ***Dorsey v. State***, 448 S.W.3d 276, 287 (Mo. banc 2014)). Movant also must show prejudice, i.e., "a reasonable probability that, but for

---

[3] ***Strickland v. Washington***, 466 U.S. 668 (1984).

counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson*, 564 S.W.3d at 601 (quoting *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002)).

## Discussion

We first consider Engles's second point, in which he claims the court clearly erred in denying his claim of ineffective assistance of counsel regarding trial counsel's decision not to object to the prosecutor's closing argument and appellate counsel's decision not to request plain error review of the prosecutor's closing argument.

"A prosecutor is allowed to argue the evidence and all reasonable inferences from the evidence during closing arguments." *State v. Brown*, 337 S.W.3d 12, 14 (Mo. banc 2011). However, a prosecutor may not misstate the law, and the trial judge has a duty to restrain such arguments. *State v. Anderson*, 306 S.W.3d 529, 543 (Mo. banc 2010) (citing *State v. Blakeburn*, 859 S.W.2d 170, 174 (Mo.App. 1993)). The decision to object (or not) to a statement in closing arguments often is a matter of trial strategy. *Id.* "To prevail on a claim that counsel was ineffective for failure to object at closing argument, a movant must prove that the failure to object was not a matter of trial strategy and that the failure to object was prejudicial." *Barton v. State*, 432 S.W.3d 741, 754 (Mo. banc 2014). "'Counsel will not be deemed ineffective for failing to make nonmeritorious [sic] objections.'" *Id.* (quoting *State v Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998)). "Moreover, because the jury is instructed that the lawyers' arguments are not evidence, prejudice is unlikely to result from the failure to object to statements made in closing argument." *Id.*

During the PCR hearing, trial counsel testified she had reason to object but was well-aware of "fairly clear" precedent regarding the state's burden to prove dates in these

types of cases. The motion court correctly concluded that in a sex offense case where the victim is a child, the State may meet its burden by showing the offense was committed on any day before the date of the information or within the period of time provided. *See, e.g., State v. Miller*, 372 S.W.3d 455, 464-65 (Mo. banc 2012) ("Time is not essential in child sexual abuse cases . . . exact date of a charged offense is not an element of the crime"; and date alleged in information need only be specific enough "to ensure notice to the defendant, assurance against double jeopardy, and reliability of a unanimous verdict."); *State v. Carney*, 195 S.W.3d 567, 571 (Mo.App. 2006) (It is "well-settled law of this state that, in sex offense cases, time is not of the essence," so the state "may prove the offense to have been committed on any day before the date of the information and within the period of limitation.").

Trial counsel's strategic decision not to object does not fall short of professional competent assistance. Had the objection been raised, it would have been non-meritorious and would not have changed the result of the trial.

Engles's related claim that his appellate counsel was ineffective fares no better. He has not met his burden to show the error overlooked on appeal was "'so obvious that a competent and effective lawyer would have recognized and asserted it.'" *Meiners v. State*, 540 S.W.3d 832, 836 (Mo. banc 2018) (quoting *Williams v. State*, 168 S.W.3d 433, 444 (Mo. banc 2005)). Counsel testified, by affidavit, that she raised all meritorious claims on appeal, and she did not find the complaint about closing arguments meritorious. Competent and effective appellate advocacy does not compel counsel to raise unpreserved, non-meritorious claims of error in a Rule 30.20 request for plain error review. Point II is denied.

Engles next asserts the prosecutor's closing argument denied him due process and a fair trial. We must deny this point because it is not cognizable in a Rule 29.15 proceeding.

Claims of trial court error, even claims of constitutional error, generally are not cognizable in a Rule 29.15 proceeding when such claims could have been raised in a direct appeal. *Shockley v. State*, 579 S.W.3d 881, 900 (Mo. banc 2019); *Osborn v. State*, 370 S.W. 3d 324, 327 and n.3 (Mo.App. 2012). "Post-conviction relief under Rule 29.15 is not a substitute for direct appeal or to obtain a second chance at appellate review." *McLaughlin v. State*, 378 S.W.3d 328, 357 (Mo. banc 2012).

Other than his claim of ineffective assistance of counsel, which we have already rejected, Engles has not identified any reason for his failure to assert this claim on direct appeal. Engles has not shown, and we do not find, rare and exceptional circumstances that would justify review of an issue that could have been raised on direct appeal. *See Shockley,* 579 S.W.3d at 900 (review available in rare and exceptional circumstances where required by fundamental fairness). Point I is denied. Judgment affirmed.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS