**STATE of Missouri ex rel. Matthew TULLER, Relator,**

v.

**The Honorable William C. CRAWFORD, Respondent.**

**No. 28050.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 25, 2007.

Darren Kendrick Wallace, Carthage, for relator.

John Joseph Podleski, Joplin, for respondent.

Before GARRISON, BARNEY, and LYNCH, JJ.

### ORIGINAL PROCEEDING IN PROHIBITION

PER CURIAM.

Matthew Tuller ("Relator"), filed a petition for writ of mandamus and/or prohibition in this Court seeking an order to compel the Honorable William C. Crawford, Judge of the Circuit Court of Jasper County ("Respondent"), to direct the State of Missouri to produce to Relator a true and accurate bit image copy of certain computer disc drives and digital and magnetic storage media seized and held by the State in connection with criminal charges pending against Relator. We issued a preliminary order directing Respondent to file an answer. Respondent has not filed an answer or other responsive pleading in this Court. In the interest of justice, we dispense with briefing and argument and issue our peremptory writ in prohibition. *See* Rule 84.24(j).[1]

### Factual and Procedural Background

Relator is charged in the Circuit Court of Jasper County with the class B felony of promoting child pornography in the first degree, in violation of Section 573.025. On August 4, 2006, Relator filed a "Motion to Produce" in the trial court seeking an order "directing the State to provide counsel for defendant with a true ENCASE image copy of each hard drive, floppy disk, CD ROM and any other magnetic/digital media recovered from [Relator]" by law enforcement officers in connection with the charges pending against him. Relator's motion stated that the ENCASE image copies were needed "for the purpose of examination and submission to experts" in preparation of Relator's defense.

Initially, on August 22, 2006, Respondent sustained Relator's motion and ordered the State to "produce to [Relator's] counsel a true and accurate bit image copy utilizing EnCase[ ] forensic software" of specific computer disc drives and digital and magnetic media seized in connection with the case. On September 13, 2006, the

---

1. All rule references are to Missouri Rules of Civil Procedure (2006) and all references to statutes are to RSMo (2000), unless otherwise indicated.

State filed a response to Relator's motion to produce asking the trial court to withdraw its order of August 22, 2006, for the reason that compliance with the order would require the State to violate federal law. Specifically, the State referred to Section 504 of the Adam Walsh Child Protection and Safety Act of 2006 (referred hereafter as "Section 504"),[2] which provides as follows:

> SEC. 504. PREVENTION OF DISTRIBUTION OF CHILD PORNOGRAPHY USED AS EVIDENCE IN PROSECUTIONS.
>
> Section 3509 of title 18, United States Code, is amended by adding at the end the following:
>
> "(m) PROHIBITION ON REPRODUCTION OF CHILD PORNOGRAPHY.—
>
> "(1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> "(2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> "(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial."

On September 18, 2006, following a hearing on the State's response to Relator's motion to produce, Respondent issued a new order setting aside the order of August 22, 2006. Relying on Section 504, Respondent's order reasoned that the "Order of August 22, 2006 is in contravention of Federal Law and [the court] by its order has directed the prosecution to violate Federal Law." The September 18, 2006, order directed as follows:

> IT IS THEREFORE ORDERED that the State provide ample opportunity for inspection, viewing, and examination at a facility under control of the State of Missouri or any branch of law enforcement, including the Jasper County Prosecuting Attorney, all materials alleged to be pornographic in this case, together with electronic devises [sic] used in the production, collection, retention and display of said pornographic materials, to [Relator], his attorney, and any individual [Relator] may seek to qualify to furnish expert testimony at trial in this cause.

Respondent denied Relator's subsequent motion to reconsider the order of September 18, 2006.

### Discussion and Decision

Relator's petition contends that Respondent's order of September 18, 2006, constituted an abuse of discretion.

 "A trial court is vested with broad discretion in administering the rules of discovery, and an appellate court should not disturb the rulings absent an abuse of discretion. Nonetheless, when a trial

2. Pub.L. No. 109–248, § 504, 120 Stat. 587, 629 (2006).

court makes an order in discovery proceedings that is an abuse of discretion, prohibition is the proper remedy." *State ex rel. Plank v. Koehr,* 831 S.W.2d 926, 927–28 (Mo. banc 1992) (citations omitted). "The trial court abuses discretion if its order is clearly against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration." *State ex rel. Ford Motor Co. v. Messina,* 71 S.W.3d 602, 607 (Mo. banc 2002) (citations omitted).

█ It is important to note that Respondent has not denied Relator's motion to produce in its entirety. Both the August 22 and September 18, 2006, orders directed the State to make disclosures to Relator. The key difference between the two orders is the means by which the disclosures are to be made. In his motion to produce, Relator sought "a true EN-CASE image copy" of the requested information, which the trial court originally ordered in the order of August 22, 2006. In the order of September 18, 2006, Respondent maintained his direction to the State to disclose the requested information, but he changed the *manner* in which the disclosure was to be made. Thus, the issue we must decide is whether Respondent abused his discretion by changing the *manner* of disclosure by his September 18, 2006, order.

Based on the record available to this Court, Respondent's September 18, 2006, order appears to have been premised solely upon Respondent's determination that the August 22, 2006, order was "in contravention of Federal Law," specifically, Section 504. Respondent expressed no other reason for setting aside the August 22, 2006, order. In his petition to this Court, Relator contends, among other things, that

Section 504 is inapplicable to state court proceedings. We agree.

It does not appear to this Court that Congress intended or attempted to make Section 504 applicable to state court proceedings. Rather, Section 504 appears to be a procedural provision applicable to criminal prosecutions in federal courts. This conclusion is supported by Section 504's reference to "Rule 16 of the Federal Rules of Criminal Procedure." It is further supported by the fact that Section 504 amends 18 U.S.C. § 3509. Section 3509 is contained within Part II of Title 18, which is dedicated to "Criminal Procedure." Thus, we conclude Section 504 is a procedural provision applicable to federal courts.

This Court has previously held that federal court procedures do not apply to state court proceedings. *See State v. Gongora,* 866 S.W.2d 172, 174 (Mo.App. S.D.1993); *Baker v. State,* 796 S.W.2d 426, 427 (Mo. App. S.D.1990). We find, therefore, that Section 504 is inapplicable to criminal proceedings in Missouri state courts inasmuch as it is a federal procedural provision. As such, we further find that Respondent's order of September 18, 2006, to the extent it was premised upon Section 504, constituted an abuse of discretion.

For these reasons, we hereby issue a peremptory writ in prohibition, whereby Respondent (or his successor)[3] is prohibited from limiting the manner of disclosure in the underlying case on the basis of Section 504. The trial court shall, consistent with state law, make such further orders concerning Relator's "Motion to Produce" as it deems appropriate, which may include entry of a protective order to prevent unauthorized copying or distribu-

---

3. *See In the Interest of J.M.,* 847 S.W.2d 911, 915 (Mo.App. E.D.1993); *State ex rel. St.* *Louis County v. Enright,* 729 S.W.2d 537, 541 (Mo.App. E.D.1987).

tion of any information subject to disclosure.