

# In the Missouri Court of Appeals
## Eastern District

### WRIT DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. JENNIFER M. JOYCE, Circuit Attorney for the City of St. Louis, | ) ) ) ) | No. ED104226 |
| Relator, | ) ) ) | Writ of Mandamus Circuit Court of the City of St. Louis |
| vs. | ) ) | |
| THE HONORABLE MICHAEL K. MULLEN, Circuit Judge, Twenty-Second Judicial Circuit, | ) ) ) ) ) | |
| Respondent. | ) | Filed: November 15, 2016 |

The Circuit Attorney filed petitions for writs of mandamus, disputing the trial court's denial of her motions for protective order in fourteen underlying criminal cases. We issued preliminary orders and ordered the cases consolidated, briefed, and orally argued. Today, we quash the preliminary orders in part and make them permanent in part. We agree with the trial court's conclusions that Missouri Supreme Court Rule 25.03 is constitutional and that the Circuit Attorney failed to prove that good cause existed for protective orders. But we disagree with the trial court's interpretation of the scope of disclosure required by Rule 25.03. Therefore, the trial court should deny the Circuit Attorney's motions that she not be required to disclose the last known addresses of witnesses. But the trial court should grant the Circuit Attorney's motions

that the scope of discovery under Rule 25.03 does not require her to divulge the phone numbers, dates of birth, and social-security numbers of witnesses.

### Factual and Procedural Background

The defendants in the fourteen underlying criminal cases each requested that the Circuit Attorney provide discovery under Missouri Supreme Court Rule 25.03. That Rule requires that the Circuit Attorney provide discovery to defendants upon request, including the names and last known addresses of all persons the Circuit Attorney intends to call as witnesses.

The Circuit Attorney moved for a protective order in each case pursuant to Missouri Supreme Court Rule 25.11, which authorizes the trial court, on motion and for good cause shown, to order that specified disclosures be denied. The Circuit Attorney in her motions sought to withhold the phone numbers, dates of birth, social-security numbers, and last known addresses of victims and witnesses contained in the police reports. She offered to produce victims and witnesses to defense counsel at her office, for a deposition or interview, in lieu of providing the information.

The Circuit Attorney has a long-standing practice, dating back some ten years, of deleting this information from police reports, even deleting the last known addresses, before providing the reports to defense counsel. The Circuit Attorney established this practice based on her own conclusion that Rule 25.03 was unconstitutional in light of an amendment to the Missouri Constitution adopted in 1992. That amendment provides that crime victims have a right to "reasonable protection" from a defendant. In the last ten years, the Circuit Attorney never sought the trial court's permission to deviate from the mandates of the Missouri Supreme Court Rules and never sought a declaration that Rule 25.03 was unconstitutional. She seeks protective orders now, apparently for the first time, after protests from defense counsel.

2

The fourteen motions filed by the Circuit Attorney were identical, with the exception of the list of pending charges for each defendant. The Circuit Attorney lodged alternative arguments and requests for court action. She first challenged the constitutionality of Rule 25.03, contending that to the extent the Rule required disclosure of the last known address and any other personal identifying information, the Rule violated the victims' and witnesses' constitutional right to privacy. She thus sought the trial court's declaration that Rule 25.03 was unconstitutional as applied to crime victims and witnesses. Alternatively, the Circuit Attorney sought protective orders allowing her to redact the victims' and witnesses' last known addresses and other personal identifying information from the police reports. In arguing that good cause existed for granting her motions, she alleged generally that victims and witnesses were subject to threats, intimidation, potential identity theft, and other cybercrimes. She further generally averred that this had a chilling effect on her ability to prosecute defendants. However, the Circuit Attorney never alleged that any victim or witness in any of the underlying criminal cases had been subject to threats, intimidation, or any untoward consequence. In the event the court rejected this argument, the Circuit Attorney alternatively argued that she could redact all personal identifying information other than the last known addresses of victims and witnesses because the rule on its face only required disclosure of last known addresses.

Judge Michael K. Mullen called the Circuit Attorney's motions for hearing. The court addressed each of the fourteen cases individually. However, the Circuit Attorney never adduced any specific evidence that any victim or witness in any of the cases had been subject to threats, intimidation, or any untoward consequence. Instead, she reargued the general, non-specific allegations contained in her motions.

3

The trial court denied the Circuit Attorney's motions, concluding that Rule 25.03 is constitutional. The court further held that the Circuit Attorney failed to show good cause for protective orders under Rule 25.11. The court ordered the Circuit Attorney "to comply with Rule 25.03 and provide defendant with last known addresses of all endorsed witnesses and an unredacted police report." An unredacted police report would include phone numbers, dates of birth, and social-security numbers of victims and witnesses.

The Circuit Attorney now seeks writs of mandamus.[1] She asks that we order the trial court to hold Rule 25.03 unconstitutional to the extent it requires disclosure of personal information of crime victims and witnesses. Alternatively, the Circuit Attorney asks that we order the trial court to issue protective orders in the underlying cases.

### *Writ Authority*

This Court has the authority "to issue and determine original remedial writs." Mo. Const. Art. V, Section 4.1; *State ex rel. Isselhard v. Dolan*, 465 S.W.3d 496, 498 (Mo. App. E.D. 2015). We do not issue such writs lightly. A writ of mandamus is reserved for extraordinary emergencies. *Isselhard*, 465 S.W.3d at 498; *St. Louis Cty. Bd. of Election Commissioners v. McShane*, 492 S.W.3d 177, 180 (Mo. App. E.D. 2016). The writ of mandamus is to be used only as a last resort, in those cases in which no adequate alternative remedy exists. *St. Louis Cty. Bd. of Election Commissioners*, 492 S.W.3d at 180. We take up the matter at this juncture of proceedings because no adequate remedy by appeal exists, as the personal information sought to be protected would not be protected if reviewed only on post-trial appeal. *See Romley v. Schneider*, 45 P.3d 685, 686 (Ariz. App. 2002). "A writ of prohibition [or] mandamus is the

---

[1] After the Circuit Attorney filed her petitions for writs of mandamus in the fourteen underlying criminal cases, she moved for voluntary dismissal of the petitions in six of the cases. Accordingly, this Court has dismissed the writs of mandamus in the following six cases, and has severed them from this appeal ED104226: ED104229, ED104232, ED104236, ED104237, ED104239, and ED104241.

4

proper remedy for curing discovery rulings that exceed a court's jurisdiction or constitute an abuse of the court's discretion." *State ex rel. White v. Gray*, 141 S.W.3d 460, 463 (Mo. App. W.D. 2004)(internal quotation omitted). "Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 64 (Mo. banc 2008)(internal quotation omitted). The function of the writ of mandamus "is to enforce, not to establish, a claim or right." *Isselhard*, 465 S.W.3d at 498. A writ may lie "to prevent the forced disclosure of information during discovery, particularly when the information is protected by a statute, rule or privilege." *White*, 141 S.W.3d at 463 (internal quotation omitted).

### *Constitutional Challenge*

The trial court concluded that Rule 25.03 did not violate the Missouri Constitution. Constitutional interpretation is a question of law that we review *de novo*. *State v. Jackson*, 384 S.W.3d 208, 211 (Mo. banc 2012).

Rule 25.03, at the center of this ongoing dispute, reads in pertinent part:

(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:
(1) The names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda, reporting or summarizing part or all of their oral statements....

The Circuit Attorney must provide the information upon written request of defense counsel, without the necessity of a court order. The Missouri Supreme Court adopted this Rule in June of 1979. The Rule became effective on January 1, 1980, some thirty-six years ago.

5

In 1992, the citizens of Missouri amended the Missouri Constitution to establish certain rights of crime victims. Mo. Const. Art. I, Sec. 32. Thus, the Missouri Constitution recognizes that crime victims have:

> the right to reasonable protection from the defendant or any person acting on behalf of the defendant.

Mo. Const. Art. I, Sec. 32 1(6).

The Circuit Attorney argues that in light of this constitutional provision, Rule 25.03 is unconstitutional as applied to crime victims and witnesses. We acknowledge the constitutional protections afforded crime victims, and we understand their importance. We sympathize with the plights of victims and witnesses, and are grateful for their participation in the criminal-justice system. We take seriously the retribution that victims and witnesses may face. But we reject the Circuit Attorney's constitutional challenge. Importantly, the Rule opens with cautionary language providing that Rule 25.03 does not even apply if the Circuit Attorney, or any prosecutor, shows good cause for issuance of a protective order under Rule 25.11. Thus, far from trampling the rights of victims, Rule 25.03 specifically limits mandatory disclosure if a protective order is warranted.[2]

Missouri amended its constitution to secure crime victims' rights nearly a quarter of a century ago. The Circuit Attorney generally complains that the Rule contains inadequate safeguards to protect the privacy rights of victims and witnesses. If this is true, other avenues exist and have existed, to address this issue. Whether the Rule should be revised is an issue better addressed through these other avenues. Indeed, counsel represented at oral argument that a reexamination of the Rule is currently underway by a committee of the Missouri Supreme Court.

---

[2] We further note that the 1992 constitutional amendment addresses the rights of "crime victims." We find no language extending its scope to include rights of witnesses who are not victims.

We reject the Circuit Attorney's challenge to the constitutionality of Rule 25.03.

*Good Cause for Protective Order*

The Circuit Attorney alternatively contends that good cause exists to issue a protective order under Rule 25.11, allowing her to redact information from police reports before turning those reports over to the defense. A trial court has broad discretion in administering rules of discovery. *State ex rel. Tuller v. Crawford*, 211 S.W.3d 676, 678 (Mo. App. S.D. 2007). This Court will not disturb the trial court's ruling absent an abuse of that discretion. *Id.*

Rule 25.11, the rule governing protective orders in the criminal setting, provides that "[t]he court may at any time, on motion and for good cause shown, order [s]pecified disclosures be denied, regulated, restricted, or deferred, or make such other order as it deems appropriate...." Rule 25.11(A).[3]

For purposes of assessing the trial court's good-cause ruling only, we assume that all the information sought to be withheld falls within the ambit of Rule 25.03's mandatory disclosure requirement. We will later address that precise issue.

In her motions for protective orders, the Circuit Attorney argued that the trial court must restrict information about victims and witnesses to ensure their safety, protection, and peace of mind, and to prevent identity theft. But the Circuit Attorney failed to allege any specific facts in

---

[3] Rule 25.11 in its entirety reads:
>The court may at any time, on motion and for good cause shown, order:
>(A) Specified disclosures be denied, regulated, restricted, or deferred, or make such other order as it deems appropriate, provided that all material to which a party is entitled must be disclosed in time to permit counsel to make beneficial use thereof;
>(B) Non-discoverable parts or portions contained in otherwise discoverable material or information may be excised and the balance thereof only be disclosed, and the excised parts or portions shall be sealed, impounded, or preserved in the records of the court, to be made available to a reviewing court in the event of an appeal;
>(C) At any proceeding for showing cause for denial, regulation, restriction or deferment of disclosure, or any portions thereof, that such be made in camera, with a record made of such proceeding and the entire record of such in camera proceeding shall be sealed, impounded, and preserved in the records of the court, to be made available to a reviewing court in the event of an appeal.

support of her conclusions. Indeed, other than a listing of the involved charges in the case, the identical motions are completely devoid of any facts whatsoever. The Circuit Attorney's argument at the hearing was likewise lacking in substance. There, she relied heavily, if not entirely, on that fact that she had filed criminal charges. We agree with the trial court that the mere filing of criminal charges does not create good cause for a protective order under Rule 25.11.

A trial court has the discretion to determine whether good cause exists, but a court must have evidence presented to it before the court can exercise its discretion. *State v. Rushing*, 232 S.W.3d 656, 661-62 (Mo. App. S.D. 2007). When a protective order is not supported by an evidentiary showing of good cause, an order would be both unauthorized and arbitrary.[4] *Id.* at 661-62. The Circuit Attorney failed to provide this evidentiary showing.[5] The trial court did not abuse its discretion in denying the Rule 25.11 motions for failure of the Circuit Attorney to show good cause.

### Scope of Disclosure

Though we find no fault in the trial court's conclusion that the Circuit Attorney failed to demonstrate good cause for protective orders, we do conclude that the trial court erred in the scope of disclosure ordered. Again, the trial court ordered the Circuit Attorney "to comply with Rule 25.03 and provide defendant with last known addresses of all endorsed witnesses and an unredacted police report."

---

[4] The Circuit Attorney has filed numerous other writ applications to this Court to challenge the denial of protective orders in other underlying criminal cases. Our review of those writ applications firmly convinces us that the trial courts therein have conscientiously and appropriately exercised their discretion when the Circuit Attorney has adduced evidence of good cause in support of her motions.

[5] The Circuit Attorney and certain amici have filed "Brandeis briefs" in this writ proceeding. A "Brandeis brief" seeks to buttress a litigant's claim by citation to social-science research. The problem here is that such citation does nothing to remedy the Circuit Attorney's failure to adduce any evidence in support of her motions in the trial court. Indeed, if appellate courts decided cases based only on facts put forward in "Brandeis briefs," the parties would be denied the process they are due to contest factual issues before a fact-finder, and the proper role of the trial court would be greatly diminished.

Resolution of the dispute here requires interpretation of Rule 25.03. We are to interpret Missouri Supreme Court Rules in the same fashion as statutes, and statutory interpretation is a question of law, which this Court reviews *de novo*. *Ressler v. Clay County*, 375 S.W.3d 132, 136 (Mo. App. W.D. 2012).

According to the Rule, the State is required to disclose:

The last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda, reporting or summarizing part or all of their oral statements....

We interpret Missouri Supreme Court Rules by applying principles similar to those used for interpreting state statutes. *State ex rel. Vee-Jay Contracting Co. v. Neill*, 89 S.W.3d 470, 471–72 (Mo. banc 2002). In interpreting a rule, this Court is to ascertain the intent of our Supreme Court, by considering the plain and ordinary meaning of the words in the rule. *Id.* at 472.

Rule 25.03 explicitly requires the State to disclose last known addresses. The Circuit Attorney's practice of routinely withholding this information is in direct contravention of the mandates of the Rule.[6] This practice should stop immediately.[7]

What then, of other personal identifying information, such as the phone numbers, dates of birth, and social-security numbers that may be included in the police reports? These items are not expressly mentioned in Rule 25.03, although they all existed in 1979 when the Missouri Supreme Court adopted the Rule. If the Missouri Supreme Court intended for this additional identifying information to be routinely disclosed, the Court could have expressly listed the items, as it did with addresses. The Missouri Supreme Court did not. It is a well-established rule of

---

[6] If the Circuit Attorney believes and can demonstrate with specific evidence in an individual case that good cause exists to withhold an address, she may move the trial court for a protective order under Rule 25.11.

[7] We reject the Circuit Attorney's contention that she can comply with her discovery obligations by producing a victim or witness for a deposition or interview, in lieu of providing the requested information. This does not suffice. This is not what the Missouri Supreme Court Rule mandates. Further, victims and witnesses do not belong to the prosecution. *State v Berstein*, 372 S.W.2d 57, 61 (Mo. 1963).

statutory construction that when a statute – here a rule – enumerates the subjects or things on which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned. *Rupert v. State*, 250 S.W.3d 442, 448-499 (Mo. App. E.D. 2008); *Greenbriar Hills Country Club v. Dir. of Revenue*, 935 S.W.2d 36, 38 (Mo. banc 1996).

Defense counsel contend that identifying information is a statement of a witness, and as such must be disclosed. We are not persuaded.

If the word "statement," as used in Rule 25.03, encompasses all personal identifying information, then it was unnecessary for the Missouri Supreme Court to specifically include the phrase "last known addresses." We presume every word, sentence, or clause in the rule has effect, and that the Missouri Supreme Court did not insert idle verbiage or superfluous language. *Alberici Constructors, Inc. v. Director of Revenue*, 452 S.W.3d 632, 638 (Mo. banc 2015); *State ex rel. Missouri Pacific R. Co. v. Koehr*, 853 S.W.2d 925, 926-27 (Mo. banc 1993). Defense counsels' interpretation would render part of the Rule superfluous.

Webster's Dictionary defines "statement" as: "Act of stating, reciting, or presenting, orally or on paper; as, the statement of a case. 2. That which is stated; an embodiment in words of facts or opinions; a narrative; recital; report; account." Webster's New International Dictionary 2461 (2d ed. 1950).

Rule 25.03 exists to provide the defendant with an appropriate opportunity to avoid surprise and to prepare his or her case in advance of trial. *Henderson*, 410-760/64; *State v. Smith*, 491 S.W.3d 286, 298 (Mo. App. E.D. 2016.). A "statement," as that term is used in Rule 25.03, is a "narrative, recital, report or account." It is information that "tells the story" of the incident. Personal identifying information does not purport to recite, narrate, report, or account the incident. Accordingly, the Circuit Attorney may redact phone numbers, dates of birth, and

10

social-security numbers from the police reports.[8]  Any such redaction by the Circuit Attorney must be made obvious, so that the defense counsel knows that information has been withheld.[9]  Our ruling today does not leave defendants without recourse.  Should defendants find that they need additional personal identifying information for any witness, they may petition the trial court for disclosure of the information, upon a showing of good cause, under Missouri Supreme Court Rule 25.04.[10]

### *Conclusion*

Our preliminary order in mandamus is made permanent in part and quashed in part.  The trial court shall order the Circuit Attorney to disclose the last known addressees of witnesses, but the Circuit Attorney may redact the witnesses' phone numbers, dates of birth, and social-security numbers.  We trust that henceforth routine discovery will be provided routinely.  Put simply, the parties shall follow the Missouri Supreme Court Rules.

LAWRENCE E. MOONEY, PRESIDING JUDGE

---

[8] The same holds true if the police officer who prepared the report is endorsed as a witness.  The entire report is not discoverable under Rule 25.03 as a written statement of the officer.  Just because the officer records personal identifying information about a witness or victim does not render that information automatically disclosable as a written statement of the officer because the personal pedigree information is still not a narrative, recital, report or account of the incident.

[9] According to defense counsel, the Circuit Attorney recently changed her practice of redacting information from police reports from using a black marker to mark through information to electronically removing information through a computer program.  And, according to defense counsel, the Circuit Attorney did not inform either the court or the defense that information was being removed from discovery.  In March of this year, defense counsel filed for a temporary restraining order to stop that practice.  The Circuit Attorney thereafter signed a consent order agreeing to refrain from electronically removing any information from police reports in the future.

[10] Rule 25.04 reads in pertinent part:
> (A) The defense may make a written motion in the court having jurisdiction to try said case requesting the state to disclose material and information not covered by Rule 25.03.  Such motion shall specify the material or information sought to be disclosed.  If the court finds the request to be reasonable, the court shall order the state to disclose to the defendant that material and information requested which is found by the court to be relevant and material to the defendant's case.

11

GARY M. GAERTNER, JR., J., and
JAMES M. DOWD, J. concur.