

# In the Missouri Court of Appeals
## Eastern District
### WRIT DIVISION SEVEN

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., JENNIFER M. JOYCE, Circuit Attorney for the City of St. Louis, | ) ) ) ) | No. ED104542 |
| Relator, | ) ) | |
| vs. | ) ) | Writ of Mandamus |
| THE HONORABLE MICHAEL K. MULLEN, Circuit Judge, Twenty-Second Judicial Circuit, | ) ) ) ) ) | Circuit Court of the City of St. Louis |
| Respondent. | ) | FILED: December 6, 2016 |

Relator, the Circuit Attorney for the City of St. Louis ("Circuit Attorney"), filed a

Petition for Writ of Mandamus along with Suggestions in Support asking this Court to order

Respondent, the Honorable Michael K. Mullen ("the Circuit Court"), to find Rule 25.03[1]

unconstitutional or to order the Circuit Court to grant the Circuit Attorney's Motion for

Protective Order to restrict the discovery by defense counsel of personal identifying witness

information in numerous underlying criminal cases. The Petition for Writ of Mandamus in this

proceeding mirrors petitions for writs of mandamus filed by the Circuit Attorney with this Court

in other cases,[2] in which the Circuit Attorney raises identical issues. This Petition for Writ of

---

[1] All rule references are to Mo. R. Crim. P. (2016).

[2] The other cases in which the Circuit Attorney filed similar petitions for writs of mandamus are ED104226, ED104227, ED104228, ED104229, ED104230, ED104232, ED104233, ED104234, ED104235, ED104236, ED104237, ED104239, ED104240, and ED104241.

Mandamus involves one hundred and nine cases for which hearings were held *in camera* by the Circuit Court. The Circuit Court granted the requested protective orders in some cases and denied the request in others. In each of the one hundred and nine cases, the Circuit Court ordered the removal of social security numbers from the police reports or other discovery the Circuit Attorney was required to produce.

Because Rule 25.03 does not violate the constitutional rights of victims of crimes as guaranteed under Article I, Section 32(1)(6) of the Missouri Constitution, and because the Circuit Court did not abuse its discretion when denying or granting in part the Circuit Attorney's motions for protective orders, we quash the preliminary order in part. However, because the Circuit Court misinterpreted the scope of disclosure required by Rule 25.03, we make the preliminary order permanent in part.

## *Background*

The record before us shows that the defendants in the underlying criminal cases made written discovery requests pursuant to Rule 25.03(A), which required the Circuit Attorney to disclose the names and last known addresses of any person whom the State intended to call as a witness, together with his or her written or recorded statements. Rule 25.03. The Circuit Attorney objected to providing identifying information of witnesses other than their names. Specifically, the Circuit Attorney objected to providing the last known addresses, social security numbers, phone numbers, and dates of birth of the victim or any witness, and filed motions for protective orders under Rule 25.11 asking that the Circuit Court deny the defendants' requests for the disclosure of this personal information.

The Circuit Court conducted a separate hearing in each of the one hundred and nine cases that are the subject of the Circuit Attorney's Petition for Writ of Mandamus. The Circuit Court

2

provided the Circuit Attorney the opportunity to present evidence of good cause as to why the Circuit Court should issue a protective order pursuant to Rule 25.11. In fifty-seven cases the Circuit Court made a finding of good cause, and granted one of the alternative remedies suggested in the Circuit Attorney's Motion for Protective Order. In these fifty-seven cases, the Circuit Court issued orders for the Circuit Attorney to provide defense counsel with the last known addresses of endorsed witnesses and an unredacted copy of the police report, for the defense counsel's use only. The unredacted police report contained personal information of the victims and witnesses, including social security numbers, phone numbers and/or birth dates. The Circuit Court also ordered that the defendants in each case be provided with a copy of the police report that redacted the identifying personal information of the victim or any witness. In the remaining fifty-two cases the Circuit Court made a finding that the Circuit Attorney failed to establish the good cause required under Rule 25.11 and denied the motions for protective order.

The Circuit Court later ordered that all social security numbers be removed from any discovery provided to defense counsel, even in those cases where the Circuit Court had previously denied the Motion for Protective Order or ordered the Circuit Attorney to provide defense counsel with an unredacted copy of the police report for counsel's use only. The Circuit Court further supplemented its prior rulings by ordering that no identifying information for a St. Louis Metropolitan Police Officer, EMS worker or corrections officer other than DSN, age, office address and phone number be disclosed to the defendants, even if the motion for protective order previously was denied.

The Circuit Attorney seeks mandamus asking that we order the Circuit Court to hold Rule 25.03 an unconstitutional violation of the rights of crime victims to the extent the rule requires disclosure of identifying personal information of crime victims and witnesses. Alternatively, the

3

Circuit Attorney requests that we order the Circuit Court to find that good cause exists for the entry of a protective order and issue the protective orders requested in the underlying criminal cases.[3]

On November 15, 2016, this Court issued an opinion in a companion case, State of Missouri ex rel. Jennifer M. Joyce, Circuit Attorney for the City of St. Louis vs. The Honorable Michael K. Mullen, Circuit Judge, Twenty-Second Judicial Circuit, ED104226, 2016 WL 6750530 ("Joyce I"). As explained in that opinion, the discretionary writ of mandamus is appropriate "to prevent the forced disclosure of information during discovery, particularly when the information is protected by statute, rule or privilege." Joyce I, 2016 WL 6750530, at *2 (quoting State ex rel. White v. Gray, 141 S.W.3d 460, 463 (Mo. App. W.D. 2004)).

In Joyce I, this Court held that Rule 25.03 is constitutional and does not violate the protections granted to crime victims under Article I, Section 32(1)(6) of the Missouri Constitution. 2016 WL 6750530, at *3. This Court's reasoning for upholding the constitutionality of Rule 25.03 is well articulated in Joyce I. We see no reason to depart from the constitutional holdings of that opinion.

We are left then to consider the Circuit Attorney's request that we order the Circuit Court to grant the motions for protective order in the underlying criminal cases and allow the Circuit Attorney to withhold the personal identifying information of the victim or any witness from discovery the Circuit Attorney is required to produce under Rule 25.03. Our review of the record shows that the Circuit Court thoroughly reviewed each of the underlying cases to determine if good cause existed to warrant a protective order under Rule 25.11. In particular, the Circuit

---

[3] Upon motion of the Circuit Attorney, this Court has modified the preliminary order previously entered on several occasions to dismiss certain underlying cases from the writ proceeding because the cases had been resolved by entry of a guilty plea, Nolle Prosequi or jury trial. The Petition for Writ of Mandamus previously has been dismissed as to these cases, which are identified in the appendix attached hereto.

4

Court considered the evidence presented by the parties. In a majority of the cases, the Circuit Court granted the Circuit Attorney's Motion for Protective Order and granted a measure of the relief requested. Even in those cases where the Motion for Protective Order was denied, the Circuit Court subsequently amended its initial order to prohibit the disclosure of all social security numbers, as well as identifying information for police officers, first responders and correctional officers. The record reveals that the Circuit Court engaged in a careful and thorough review of the individual facts presented in each case before deciding whether good cause did or did not exist to require the issuance of a protective order and that the order issued was appropriate. The record is void of any facts or evidence to suggest that the Circuit Court's findings as to good cause or the lack thereof was arbitrary, capricious or in any way an abuse of discretion.

However, even though the Circuit Court did not abuse its discretion in its consideration as to whether good cause existed to support the grant of a protective order restricting the information to be disclosed under Rule 25.03, we agree with our colleagues in Joyce I that the Circuit Court misinterpreted the scope of disclosure required by Rule 25.03 when it declined to protect the disclosure of the birth dates or phone numbers of the victims or witnesses. As clearly explained in Joyce I, Rule 25.03 requires the disclosure of the last known addresses of any witness the State intends to call at a hearing or trial, together with his or her written or oral statements or memoranda reporting or summarizing his or her statements. 2016 WL 6750530, at *5. Rule 25.03 clearly requires the Circuit Attorney to produce the last known addresses of witnesses. There is no basis in the law for routinely withholding such information. However, as noted in Joyce I, Rule 25.03 does not require the disclosure of personal identifying information other than the last known address. 2016 WL 6750530, at *5. The rule does not mandate the

5

discovery of phone numbers, social security numbers, birth dates or other identifying information, exclusive of a last known address. A more expansive interpretation of Rule 25.03 is erroneous. We see no need to repeat in this opinion the reasoning for this holding, which is thoroughly expressed in Joyce I. We also note that the Circuit Court seemingly acknowledged this interpretation of Rule 25.03 when it amended its original rulings to preclude the disclosure of any social security numbers as well as certain identifying information for police officers, EMS workers or corrections officers.

We also agree with the holding in Joyce I that the inclusion of personal information within a police report or other document does not constitute a witness statement subject to disclosure under Rule 25.03. 2016 WL 6750530, at *5–6. Again, the basis for this holding is thoroughly explained in Joyce I, and we see no benefit to the parties in repeating that analysis here. As noted in Joyce I, a defendant retains the ability to petition the Circuit Court for the disclosure of personal identifying information of any witness under Rule 25.04 should the defendant deem such information important to the defense of the charges brought against him or her. 2016 WL 6750530, at *6. Upon a showing of good cause by the defendant, the Circuit Court has the authority to order the Circuit Attorney to disclose such information.

## Conclusion

The Circuit Court did not err in finding the absence of any constitutional conflict between Rule 25.03 and Article I, Section 32(1)(6) of the Missouri Constitution. The Circuit Court properly exercised its discretion in conducting hearings on the motions for protective orders and making its finding that good cause either existed or did not exist to warrant the issuance of a protective order. However, because the Circuit Court's expansive interpretation of Rule 25.03 was error, our preliminary order in mandamus is made permanent in part and quashed in part.

6

The Circuit Court shall order the Circuit Attorney to disclose the last known addresses of all witnesses, but the Circuit Court shall not order the Circuit Attorney to disclose the phone numbers and dates of birth of any victim or witness contained in the police reports or other documents requested by any defendant as discovery under Rule 25.03.

_Kurt S. Odenwald_
KURT S. ODENWALD, Presiding Judge

Philip M. Hess, J., concurs.
Robert M. Clayton, III, J., concurs.

7

Appendix

The State filed its Petition for Writ of Mandamus on the following one hundred and nine cases:

| | | | |
|---|---|---|---|
| 1222-CR00322-01 | 1422-CR02558-01 | 1422-CR03192-01 | 1422-CR03641-01 |
| 1422-CR04501-01 | 1522-CR01263-01 | 1522-CR01714-01 | 1522-CR02942-01 |
| 1522-CR03438-01 | 1522-CR03835-01 | 1522-CR03983-01 | 1522-CR04013-01 |
| 1522-CR04135-01 | 1522-CR04245-01 | 1522-CR04313-01 | 1522-CR04414-01 |
| 1522-CR04610-01 | 1522-CR04714-01 | 1522-CR04744-01 | 1522-CR04816-01 |
| 1522-CR04861-01 | 1522-CR05090-01 | 1522-CR05387-01 | 1522-CR05409-01 |
| 1522-CR05470-01 | 1522-CR05475-01 | 1522-CR05493-01 | 1622-CR00015-01 |
| 1622-CR00119-01 | 1622-CR00158-01 | 1622-CR00171-01 | 1622-CR00179-01 |
| 1622-CR00212-01 | 1622-CR00215-01 | 1622-CR00238-01 | 1622-CR00253-01 |
| 1622-CR00256-01 | 1622-CR00305-01 | 1622-CR00306-01 | 1622-CR00315-01 |
| 1622-CR00351-01 | 1622-CR00356-01 | 1622-CR00363-01 | 1622-CR00368-01 |
| 1622-CR00373-01 | 1622-CR00374-01 | 1622-CR00381-01 | 1622-CR00406-01 |
| 1622-CR00416-01 | 1622-CR00425-01 | 1622-CR00446-01 | 1622-CR00483-01 |
| 1622-CR00496-01 | 1622-CR00556-01 | 1622-CR00565-01 | 1622-CR00572-01 |
| 1622-CR00585-01 | 1622-CR00649-01 | 1622-CR00655-01 | 1622-CR00666-01 |
| 1622-CR00712-01 | 1622-CR00714-01 | 1622-CR00742-01 | 1622-CR00744-01 |
| 1622-CR00745-01 | 1622-CR00746-01 | 1622-CR00772-01 | 1622-CR00775-01 |
| 1622-CR00790-01 | 1622-CR00817-01 | 1622-CR00819-01 | 1622-CR00821-01 |
| 1622-CR00823-01 | 1622-CR00864-01 | 1622-CR00874-01 | 1622-CR00877-01 |
| 1622-CR00896-01 | 1622-CR00940-01 | 1622-CR00941-01 | 1622-CR00951-01 |
| 1622-CR00980-01 | 1622-CR00996-01 | 1622-CR01008-01 | 1622-CR01025-01 |
| 1622-CR01026-01 | 1622-CR01029-01 | 1622-CR01031-01 | 1622-CR01041-01 |
| 1622-CR01088-01 | 1622-CR01121-01 | 1622-CR01127-01 | 1622-CR01128-01 |
| 1622-CR01141-01 | 1622-CR01146-01 | 1622-CR01147-01 | 1622-CR01156-01 |
| 1622-CR01157-01 | 1622-CR01165-01 | 1622-CR01215-01 | 1622-CR01269-01 |
| 1622-CR01317-01 | 1622-CR01323-01 | 1622-CR01333-01 | 1622-CR01359-01 |
| 1622-CR01448 | 1622-CR01508-01 | 1622-CR01553 | 1622-CR01859-01 |
| 1622-CR02117 | | | |

We have already dismissed the following twenty-five cases from this writ proceeding upon motion by the parties:

| | | | |
|---|---|---|---|
| 1222-CR00322-01 | 1422-CR03641-01 | 1522-CR04135-01 | 1522-CR04245-01 |
| 1522-CR04816-01 | 1622-CR00015-01 | 1622-CR00215-01 | 1622-CR00356-01 |
| 1622-CR00368-01 | 1622-CR00381-01 | 1622-CR00483-01 | 1622-CR00556-01 |
| 1622-CR00572-01 | 1622-CR00649-01 | 1622-CR00655-01 | 1622-CR00714-01 |
| 1622-CR00742-01 | 1622-CR00746-01 | 1622-CR00877-01 | 1622-CR00980-01 |
| 1622-CR00996-01 | 1622-CR01008-01 | 1622-CR01127-01 | 1622-CR01141-01 |
| 1622-CR01156-01 | | | |

Accordingly, this Opinion applies to the remaining eighty-four cases, including the nine cases listed below that have been resolved by the parties, but have not yet been dismissed from this proceeding:

| | | | |
|---|---|---|---|
| 1522-CR03983-01 | 1522-CR05090-01 | 1522-CR05475-01 | 1622-CR00171-01 |
| 1622-CR00416-01 | 1622-CR01088-01 | 1622-CR01146-01 | 1622-CR01269-01 |
| 1622-CR01859-01 | | | |