**Patrick SCHOLES, Jeanne Scholes, and Thunderbird Theatre, Inc., Plaintiffs-Appellants,**

v.

**GREAT SOUTHERN BANK, Defendant-Respondent.**

**No. SD 34615**

Missouri Court of Appeals, Southern District, **Division Two.**

Filed: May 26, 2017

Attorney for Appellants—Michael K. Horn of Branson, MO.

Attorneys for Respondent—Dan Nelson, Joshua B. Christensen of Springfield, MO.

Nancy Steffen Rahmeyer, J.

Patrick Scholes and Jeanne Scholes (collectively, "Plaintiffs") filed suit against Great Southern Bank ("Defendant") for fraudulent misrepresentation ("Count 1") and negligence ("Count 2") related to Defendant's foreclosure on Plaintiffs' theatre[1] and care of certain property upon

---

1. Thunderbird Theatre, Inc. was added as a plaintiff in the trial court after Plaintiffs' amended motion was filed. The theatre was not named in the notice of appeal, however, and it has not sought to be added as an additional party. *See* Rule 81.04 ("The notice of appeal shall specify the parties taking the appeal[.]"); ***Virgil Kirchoff Revocable Trust***

taking possession. The trial court entered summary judgment in Defendant's favor as to Count 1 in 2013 and Count 2 in 2016. Plaintiffs raise two points on appeal: (1) "[t]he trial court erred in entering partial summary judgment" in Defendant's ·favor on Count 1 by not complying with Rule 74.04(d); and (2) "[t]he trial court improperly considered exhibits which lacked the proper foundation to be admitted into evidence and thus erred when it granted summary judgment" on Count 2. Finding no merit in either point, we affirm the trial court's judgment.[2]

## Standard of Review

"Review of an entry of summary judgment is *de novo." Taylor v. Bar Plan Mut. Ins. Co.*, 457 S.W.3d 340, 344 (Mo. banc 2015). "We are to interpret Missouri Supreme Court Rules in the same fashion as statutes, and statutory interpretation is a question of law, which this Court reviews *de novo." State ex rel. Joyce v. Mullen*, 503 S.W.3d 330, 337 (Mo. App. E.D. 2016). "In interpreting a rule, this Court is to ascertain the intent of our Supreme Court, by considering the plain and ordinary meaning of the words in the rule." *Id.*

## Procedural Background

Plaintiffs do not claim that a genuine issue as to a material fact remains or that Defendant is not entitled to judgment as a matter of law based on the motion and response. *See* Rule 74.04(c)(6). As a result,

we set forth only those facts necessary to resolve the narrow issues raised on appeal. *See* Rule 84.13(a) ("[A]llegations of error not briefed ... shall not be considered in any civil appeal[.]").

Defendant moved for summary judgment as to Counts 1 and 2 in May 2013. The motion contained 36 separate paragraphs of uncontroverted material facts, with each paragraph citing to one or more exhibits in support. Plaintiffs' response admitted the factual allegations of each paragraph. The trial court granted Defendant's motion for summary judgment as to Count 1, but did not rule on the motion as to Count 2. The trial court ultimately denied the motion as to Count 2 in July 2016, but invited additional briefing on the issue.

Defendant subsequently filed a "Motion for Reconsideration of Summary Judgment as to Count [2]." Plaintiffs responded with a letter to the trial court stating that "a response is not required as the Motion was previously responded to. Plaintiff therefore renews their response to the Defendant's Motion." The trial court sustained Defendant's motion for reconsideration, and granted summary judgment in Defendant's favor on Count 2. This appeal follows.[3]

## Discussion and Decision

### *Point 1*

■ Rule 74.04(d) governs Point 1 and provides:

---

*Dated 06/19/2009 v. Moto, Inc.*, 482 S.W.3d 834, 836 n.1 (Mo. App. E.D. 2016). We therefore consider only Patrick Scholes and Jeanne Scholes as appealing the judgment in this action. All rule references are to Missouri Court Rules (2017).

2. Defendant highlights several violations of Rule 84.04 within Plaintiffs' brief. Defendant's observations are correct, but we choose to review Plaintiffs' claims *ex gratia* because it appears that Defendant under-

stands the arguments and we are also able to determine the nature of Plaintiffs' claims from their argument such that our review is not substantially impeded. *Cason v. King*, 327 S.W.3d 543, 547 (Mo. App. S.D. 2010).

3. Defendant had apparently filed counterclaims against Plaintiffs. We say apparently because Defendant filed a voluntary dismissal of all counterclaims against Plaintiffs with the trial court, but Plaintiffs have not included Defendant's answer in the record on appeal.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this Rule 74.04 judgment is not entered upon the whole case or for all the relief asked and a trial is necessary, the court by examining the pleadings and the evidence before it, by interrogating counsel, and by conducting a hearing, if necessary, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Plaintiffs argue that when the trial court granted summary judgment as to Count 1—but had yet to address the motion as to Count 2—Rule 74.04(d) required the trial court to produce a written order setting forth which facts it believed remained uncontroverted. As a result of that failure, Plaintiffs argue they have been denied an opportunity for meaningful review as to Count 1 because they do not know the specific reason why the court granted summary judgment as to that count. We find this argument unconvincing for several reasons.

First, Rule 74.04(d) imposed no duty on the trial court in this case. At the time summary judgment was entered as to Count 1, the trial court had yet to determine whether a trial was necessary as to Count 2. That determination did not occur until the trial court denied the motion for summary judgment as to Count 2 in July 2016. Thus, the trial court had no need to determine what material facts remained controverted for a trial as to Count 2 at the time it entered summary judgment as to Count 1 because it had yet to determine whether Count 2 could survive summary judgment.

Second, even if the trial court should have made any findings under Rule 74.04(d), the rule was not designed to provide Plaintiffs with detailed findings as to why the trial court granted summary judgment on Count 1. Rather, if a trial would have been necessary as to Count 2, Rule 74.04(d) provided a mechanism to clarify which disputed facts needed to be resolved at that trial. *See M & P Enterprises, Inc. v. Transamerica Fin. Services*, 944 S.W.2d 154, 162 (Mo. banc 1997) ("Rule 74.04(d) is designed to isolate disputed facts so as to facilitate trial of a case."); *State ex rel. Turner v. Sloan*, 595 S.W.2d 778, 783 (Mo. App. W.D. 1980) ("The purpose of partial summary adjudication procedure of Rule 74.04 is to expedite a litigation which cannot otherwise be fully determined by that method.").[4] When the trial court granted summary judgment on count 2, no trial was necessary. Simply put, Rule 74.04(d) was not designed to confer the benefit Plaintiffs now claim they were denied.

■ Finally, Plaintiffs have not been denied the opportunity for meaningful review of Count 1. Defendant moved for summary judgment on six grounds. "Since the trial court did not specify the reasons for its grant of summary judgment, it is pre-

---

4. Plaintiffs liken Rule 74.04(d) to the summary-judgment equivalent of Rule 73.01(c). We find this analogy unconvincing because Rule 74.04(d) does not share Rule 73.01(c)'s purpose of providing litigants with a means to procure an articulated basis for a judgment. *See Frick's Meat Products, Inc. v. Coil Constr. of Sedalia Inc.,* 308 S.W.3d 732, 737 (Mo. App. E.D. 2010) (discussing the purpose and operation of Rule 73.01(c)).

sumed to have based its decision on the grounds specified in the motion." *Metal Exch. Corp. v. J.W. Terrill, Inc.*, 173 S.W.3d 672, 676 (Mo. App. E.D. 2005). Whether summary judgment was proper as to any of those stated grounds is determined by reference to the summary judgment record before the trial court. *Burian v. Country Ins. and Fin. Services*, 263 S.W.3d 785, 787 (Mo. App. E.D. 2008). Plaintiffs were therefore alerted as to the grounds and record upon which the trial court relied in granting summary judgment as to Count 1. On appeal, this Court would have reviewed the same grounds and record. *See ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) ("The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially."). To reiterate, Plaintiffs have not challenged any of the grounds on which summary judgment was granted. Point 1 is denied.

### Point 2

In Point 2, Plaintiffs allege that summary judgment as to Count 2 must be reversed because the summary judgment record included exhibits for which no proper foundation had been laid.[5] After a review of the record before us, however, we find that Plaintiffs failed to raise the issue in the trial court, and it may not be raised for the first time on appeal. *See, e.g., Joshi v. St. Luke's Episcopal Presbyterian Hosp.*, 142 S.W.3d 862, 866 (Mo. App. E.D. 2004) (finding an argument that trial court erred in entering summary judgment because it relied on inadmissible evidence in doing so could not be raised for the first

time on appeal); *Clayton Brokerage Co. of St. Louis, Inc. v. Raleigh*, 679 S.W.2d 376, 379 (Mo. App. E.D. 1984) (evidentiary objections to affidavits filed in support of summary judgment motion were waived where raised for the first time on appeal); *Sturgeon v. State Bank of Fisk*, 616 S.W.2d 578, 580 (Mo. App. S.D. 1981) (similar holding).

Even absent preservation concerns, Plaintiffs' argument is analytically insufficient to support reversal. Plaintiffs' argument should have explained why, based on the particular facts of this case, the law supports their claim of reversible error. *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007). In other words, Plaintiffs do not assert the materiality of the exhibits, which would negate a proper summary judgment. Regardless of what evidentiary material is attached to the parties' statements of facts, only those material facts set forth in the parties' statements of facts may be considered in determining whether summary judgment is appropriate. *Columbia Mut. Ins. Co. v. Heriford*, No. SD34335, 518 S.W.3d 234, 239–40, 2017 WL 1164958, at *2 (Mo. App. S.D. Mar. 29, 2017).

Rather than perform such an undertaking, Plaintiffs cite in bulk to 66 pages of exhibits in the record with no connection to Rule 74.04(c) numbered paragraphs and summarily claim that because those exhibits were not properly authenticated, reversal on Count 2 is required.

> Arguments, such as this, that are completely disconnected from the numbered paragraph material facts in the summary judgment record, as required by Rule 74.04, are analytically useless in an appellate review that requires this

---

**5.** "Only evidence that is admissible at trial can be used to sustain or avoid summary judgment." *United Petroleum Serv., Inc. v.*

*Piatchek*, 218 S.W.3d 477, 481 (Mo. App. E.D. 2007).

[C]ourt to properly apply Rule 74.04. In addition, they provide no legal basis for concluding that the trial court did not comply with that rule.

*Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 835 (Mo. App. S.D. 2016). Point 2 is denied.

The trial court's summary judgment is affirmed.

Daniel E. Scott, J.—CONCURS

William W. Francis, Jr., J.—CONCURS